# Katzenberg *v.* Star, Appellant.

*Evidence—Witness—Competency of witness.*

A witness called to testify as to the market value of horse butts for the purpose of fixing damages is qualified, where he testifies that he was in the business of selling hides and skins; that he kept in touch with the markets, and was informed as to the prices; and that he had endeavored to dispose of the goods in question in many markets.

Argued Nov. 9, 1916. Appeal, No. 287, Oct. T., 1916, by defendant, from judgment of C. P. No. 2, Philadelphia Co., Sept. T., 1914, No. 2762, on verdict for plaintiff in case of Isaac Katzenberg, Lucien Katzenberg et al., trading as Jacob Stern & Sons, v. Jules Star, trading as Jules Star & Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit for breach of contract, and to recover a loss on a resale of goods. Before WESSEL, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $899.26.   Defendant appealed.

*Errors assigned* were in the following form:

1. The learned court below erred in not directing a verdict for the defendant as requested.

2. The learned court below erred in not entering judgment non obstante veredicto in favor of the defendant.

3. The learned trial judge erred, in that his charge did not adequately call attention to the admissions made by the plaintiff's witnesses.

4. The learned trial judge erred in overruling the objection to the following question to Lucien Katzenberg, page 27a:

"Q. Now, what, in your judgment, from your experience with those hides and your experience generally in trading and keeping in touch with the market—about September 1st, what, in your judgment, was a fair market price for those hides?

"(Objected to.   Objection overruled.   Exception allowed to defendant.)

"Q. What was the fair market price?

"A. The price that we secured.

"Q. What was that price?

"A. One dollar and eighty-five cents."

5. The learned trial judge erred in not affirming the defendant's third point, which was as follows:

"3. Plaintiffs have not presented any competent evidence as to the market price of horse butts on or about September 1, 1914.

"The Court: I will grant an exception to the defendant to my refusal to affirm the third and fifth points."

*William A. Carr,* with him *W. Horace Hepburn* and *Sidney L. Krauss,* for appellant.

*Owen J. Roberts,* with him *H. C. Hochstadter,* for appellees.

OPINION BY WILLIAMS, J., March 13, 1917:

In an action of assumpsit, brought to recover damages for breach of contract, it appears that the parties were engaged in buying and selling hides and skins; and that on May 5, and June 1, 1914, respectively, the plaintiffs agreed to sell and the defendant to buy, some 6,000 horse butts. These purchases were made through one Sarnatsky. On August 3, 1914, after a portion of the butts had been delivered, the defendant refused to accept the remainder. After repeated efforts, plaintiffs sold the butts on September 1, 1914, to a firm in Chicago.

Plaintiffs offered in evidence, exhibits A, B, C, and D, the correspondence between the parties, as follows:

Exhibit A:—"Jacob Stern & Sons, Hides and Tallow, 428 N. 3rd Street, Philadelphia, Memorandum of sale. To Jules Star & Co., New York City. Sold: May 5, 1914, 1,000 20″ butts at $2.02½ per piece. 1,000 21″ butts at $2.27½ per piece. These are for May shipment. Also 1,000 20″ butts at $2.00 per piece. 1,000 21″ butts at $2.25 per piece. These are for June shipment. Prices f. o. b. steamer Philadelphia. Terms same as last. Jacob Stern and sons. Per L.K. Dic.LK."

Exhibit B:—"Jules Star & Co. New York May 6, 1914. Jacob Stern & Sons 428 N. Third St., Philadelphia, Pa. Gentlemen:—Your favor of the 5th inst. received, and note your confirmation of sale of 4000 horse butts, which we find in order. Kindly let us hear from you whether you have engaged freight for the first 2000 butts, and when Mr. Sarnatsky can come and receive them. We remain Yours very truly, Jules Star & Co. JS/AMK"

"Jacob Stern & Sons, 428 N. Third St., Philadelphia, Pa. $6616.25. Philadelphia, May 19, 1914. At sight pay to the order of Ourselves Six Thousand Six Hundred Sixteen Dollars Twenty-five Cents Dollars value received and charge same to account of Jules Star & Co.

33 Ferry St., New York City.   Jacob Stern & Sons.   Pay
to the order of Chemical Nat'l Bank, New York City,
All prior endorsements guaranteed.   May 20 1914 Gi-
rard National Bank, 3-13 Phila. 3-13 Joseph Wayne, Jr.,
Cashier.   Received payment, Mail, May 21, 1914, The
Chemical Nat. Bank, N. Y."

Exhibit C.—"Memorandum of Sale.   J. Star & I.
Sarnotsky To Jules Star & Co., June 1st, 1914, Sold:
1000 20″ butts @ 2.00 per piece.   1000 21″ butts @ 2.25
per piece.   For shipment in June.   Prices f. o. b.
Steamer, Philadelphia.   Terms same as last.   Jacob
Stern & Sons.   per L.K.   Dic. LK."

Exhibit D:—"New York, June 2, 1914.   Jacob Stern
& Sons 428 N. Third St., Philadelphia, Pa.   Gentle-
men:—We are in receipt of your favor of the 1st inst.,
enclosing confirmation of sale of:—1000 20″ Butts at
$2.00 for # 1's; 1000 21″ Butts at $2.25 for # 1's,
f. o. b. steamer Philadelphia; same terms as last; ship-
ment this month.   We find same to be all right.   Please
advise how soon these 2000 Butts, as well as the balance
due on the last contract, will be ready to be shipped, and
we will then give you instructions regarding engaging
freight.   We remain Yours very truly, Jules Star & Co.,
per F. Bauer.   FB/AMK"

The defendant's evidence was that the butts were pur-
chased by Sarnatsky, not as representing or on behalf of
the defendant, but for one Chwoinik of Russia; that
Sarnatsky had desk-room in defendant's place of busi-
ness; that Chwoinik was solvent; and that defendant
had no objection to making himself responsible for orders
on Chwoinik's behalf, and did so through letters signed
by his duly authorized agent, Bauer.   Defendant ad-
mitted that the sales were made upon his credit and that
he received part of Sarnatsky's commissions for this ac-
commodation.

The issue tried was whether the sales were made to the
defendant, or to Sarnatsky as the agent of Chwoinik.
The verdict establishes as a fact that the defendant was

the purchaser, and, as there was evidence to justify such a finding, the judgment entered thereon must be sustained unless there was error in the trial. Under the circumstances judgment n. o. v. could not be entered.

The assignments in conformity with our rules raise a single question which is stated by appellant to be: "Plaintiffs were erroneously permitted to give incompetent testimony as to the market value of horse butts for the purpose of fixing damages." The witness testified that he was in the business of selling hides and skins; that he kept in touch with the markets and was informed as to prices; and that he had endeavored to dispose of these goods in many markets; so that he qualified as competent to give the testimony. The good faith and credibility of the witness, as well as the value and weight of his testimony were for the jury.

There was no exception to the charge of the learned trial judge, nor could there be, as it was a full and fair presentation of both sides of the controversy.

The judgment is affirmed.