# Famous v. Thomas Yearsley Co., Appellant.

*Evidence—Market value of electric motor—Competency—Witness—Qualifications.*

In an action to recover damages for breach of warranty, arising out of the sale of an electric motor, the purchaser and plaintiff is competent to testify as to the value of the motor, where it appears he was an electrical engineer, engaged in buying and selling electrical machinery for thirty years; that he exhibited familiarity with such appliances and said he knew the market prices of different types of motors, new and second hand, not only generally but particularly at the time of the breach of warranty.

Under such circumstances a judgment in favor of the plaintiff is based on sufficient evidence and will be sustained.

Argued October 18, 1922. Appeal, No. 200, Oct. T., 1922, by defendant, from judgment of Municipal Court of Philadelphia, June T., 1921, No. 846, in favor of plaintiff in suit tried by the court without a jury in the case of William N. Famous v. Thomas Yearsley and William A.

Wollerton, copartners trading as Thomas Yearsley Company. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit for breach of warranty. Before MACNEILLE, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court found in favor of the plaintiff in the sum of $176 and entered judgment thereon. Defendants appealed.

*Errors assigned* were the ruling that plaintiff was competent to testify as to the value of the motor, refusal to affirm defendant's point that plaintiff could recover only nominal damages and refusal of a new trial.

*James Yearsley,* for appellant.—The measure of damages in an action for breach of warranty is the difference between the actual value of the engine as it was at the time of sale and its value, if it had been as warranted: Shoe v. Maerky, 35 Pa. Superior Ct. 270; Seward v. Pa. Salt Manufacturing Co., 78 Pa. Superior Ct. 319; Himes et al. v. Kiehl et al., 154 Pa. 190.

*Jerome Bennett,* and with him *Henry Wessel, Jr.,* and *Charles J. Weiss,* for appellee.—Where there is no testimony to show that there was any difference between the value as warranted and the contract price, the court will, prima facie, assume that the contract price is the real value: Seigworth v. Leffel, 76 Pa. 476; Raymond Bros, Co. v. Penna. Co., 42 Pa. Superior Ct. 601; Joseph v. Richardson, 2 Pa. Superior Ct. 208; Reynolds v. Ramsey, 56 Pa. Superior Ct. 97.

OPINION BY LINN, J., November 23, 1922:

In this case the buyer of an electric motor who had paid the purchase price prior to shipment, alleging

breach of warranty, sued for damages. The court which tried the case without a jury, entered judgment for the plaintiff for $176. Three assignments of error are filed: 1. that plaintiff was not qualified to testify to the market value of the motor delivered; 2. without plaintiff's evidence of market value, nominal damages only may be awarded; 3. that a new trial should have been granted.

Plaintiff testified he was an electrical engineer, engaged in buying and selling electrical machinery, and that he had been so engaged for thirty years; he exhibited familiarity with electric motors and said he knew the market prices of different types of motors, new and second-hand, not only generally but particularly at the time of the breach of warranty, having sold twenty motors about that time. His testimony was properly received: Katzenberg v. Star, 66 Pa. Superior Ct. 45. We note he was not substantially contradicted.

That conclusion also disposes of the contention that only nominal damages could be allowed. The court was the trier of the fact and as there was evidence to support its conclusion, it binds us. As no abuse of discretion is suggested, we need not review the refusal to grant a new trial.

Judgment affirmed.