Rieseck et al., Appellants, v. Costa Bros.

Argued May 4, 1931.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and DREW, JJ.

*William G. Bechman* of *Thompson, Rose, Bechman & Dunn,* for appellants.

*David B. Fawcett,* for appellees.

OPINION BY LINN, J., July 8, 1931:

Appellants state two questions for review: the first, relating to the extent of a modification of the contract, and the second, to the qualifications of a witness.

Appellants sued for a balance claimed on a contract to furnish certain structural steel and to do certain work on a building in process of construction for defendants; defendants admitted part of plaintiffs' claim, denied part, and counter-claimed in an amount which was $461.50 in excess of the amount sued for by plaintiffs. The jury found a verdict for defendants but awarded no certificate. Plaintiffs appeal.

(1) The evidence relating to the fact of modification of the contract and the extent of it, as well as the authority of appellants' agent, was contradictory and was therefore necessarily for the jury. On this branch of the case, appellants contend they should have had a binding instruction in their favor. We cannot sustain that contention on the evidence. It developed that plaintiffs could not make timely delivery of certain steel; instead of cancelling their contract, the parties agreed that defendants should purchase steel for plaintiffs' account, (if it may be so described), and receive a deduction from the price for which plaintiffs had agreed to perform the entire contract; defendants accordingly purchased the steel and it was used. The parties subsequently differed as to the amount of the deduction to be made on that account; each side gave its version of what was said in the negotiation; the weight of probability may have been with appellants, as their counsel contends, but the fact could not be found by the court.

(2) Plaintiffs agreed to supply the steel and construct and paint a frame about seven feet by twenty-eight feet in the sidewalk to hold glass set in cement for the purpose of making what the evidence calls a "sidewalk light." Defendants contend that plaintiffs

performed this part of their contract in such an unskillful and unworkmanlike manner that defendants had expended specified sums in correcting defects and would be required to spend additional sums for the purpose. It is on this branch of the case that the qualifications of a witness to testify were challenged. Vito Costa, one of defendants testified to defects in the sidewalk light and described them; both defendants testified that one of plaintiffs inspected it with them and agreed that it was defective, differing from them only in the extent of the defect; Kipp, a policeman described defects apparent some time after it was constructed; Warner who repaired it, described defects in it; Nichols, defendants' architect, described the defective construction and testified "The only way you could repair it would be to tear the whole thing up;" practically construct "a new sidewalk light." After evidence of that character was in, the other defendant, S. Costa, testified generally; he said his firm took and performed building contracts; that he frequently estimated on "sidewalk lights;" that the cost depended on specifications, but ran from $4 to $4.25 a square foot; that the defects should be remedied by removing the existing light and substituting another frame. After most of his evidence was in, it developed that he obtained the cost of steel for such purposes from others; plaintiffs then asked that his "testimony regarding cost be stricken from the record." In the circumstances we think the court properly refused the motion: Follansbee v. Garrett, 48 Pa. Superior Ct. 183, 187; Vile v. P. R. R., 246 Pa. 35, 38; Worden v. Connell, 196 Pa. 281, 286; Famous v. Thomas Yearsley Company, 80 Pa. Superior Ct. 58, 60.

Judgment affirmed.