516 A.2d 354

**William GERACE and Gerace Jewelers, Inc. & Nicholas Ferro & Essex Ring Corp.,**

**v.**

**HOLMES PROTECTION OF PHILA., a/k/a Holmes Protection, Inc. and Walter Kidde Company, a/k/a Kidde Ultrasonic Inc.**

**Appeal of Nicholas FERRO and Essex Ring Corporation.**

Superior Court of Pennsylvania.

Argued June 18, 1986.

Filed Sept. 4, 1986.

Reargument Denied Oct. 24, 1986.

468

Myles G. Glasgow, Philadelphia, for appellant.

Anne T. Hopkins, Philadelphia, for appellee.

Before CIRILLO, President Judge, and CAVANAUGH and TAMILIA, JJ.

TAMILIA, Judge:

This is an appeal from an Order of the lower court granting summary judgment in favor of appellee/defendant Holmes Protection, Inc. and against appellant/plaintiffs Nicholas Ferro and Essex Ring Corporation.

In August of 1969, plaintiffs William Gerace and Gerace Jewelers, Inc., entered into a contract with appellee Holmes Protection, Inc., which provided for the installation and maintenance of a burglar alarm system at the Gerace Jewelry Store. The alarm system had been manufactured by defendant Walter Kidde Company. The contract contains, inter alia, a limitation of liability clause in Paragraph 10 which provides that appellee Holmes Protection, Inc.'s liability be fixed at a sum equal to a one-year service charge under the contract. Paragraph 10 of the contract provides in relevant part:

> If there shall, not withstanding the above provisions, at any time be, or arise any liability on the part of the company by virtue of this agreement, or because of the relation hereby established, whether due to the negligence of the company or otherwise, such liability is and shall be limited (unless the company, in consideration of the additional charge, agrees otherwise in an amendment hereto) to a sum equal in amount to the electric protective service charge hereunder for the period of service—not to exceed one year—which sum shall be paid and received as liquidated damages.

A supplemental agreement was executed between the parties on December 1, 1971 and provides for a service charge of $60 per month.

On December 27, 1972, a burglary took place at the Gerace Jewelry Store and the stolen jewelry included a

sample case, valued at $25,502.19, belonging to appellants Nicholas Ferro and Essex Ring Corporation. At his deposition, Mr. Ferro testified that in December of 1972, William Snyderman, a sales representative of the Essex Ring Corp., had in his possession a sample line of rings owned by the Essex Ring Corp., and that this sample was left by Snyderman in the Gerace Jewelry Store on the evening before the store was robbed. However, neither the Essex Ring Corp. nor Ferro had any contract or agreement with Holmes Protection of Philadelphia with respect to the security alarm system in the Gerace Jewelry Store (Deposition Testimony, 12/12/80, pp. 10, 11).

In March of 1975 plaintiffs filed a complaint in trespass and assumpsit alleging in substance that as a result of the negligence and breach of contract of the defendants, the property of the plaintiffs had been burglarized in the amount of $76,350.21. Defendant/appellant Holmes filed an answer denying all allegations of negligence and breach of contract contained in the complaint, and by way of new matter, averred that the contract at issue contained a limitation of liability clause, thereby limiting its potential liability to the amount indicated on the contract; $720, an amount equal to the one-year service charge.

On October 21, 1981, appellee Holmes filed a motion for summary judgment as to appellants Nicholas Ferro and Essex Ring Corporation.[1] Appellee Holmes alleged there was no relationship between Holmes and Nicholas Ferro or Essex Ring Corporation under which Holmes owed a duty of care to either appellant. The trial court granted the motion based upon this Court's decision in *LoBianco v. Property Protection, Inc.*, 292 Pa.Super. 346, 437 A.2d 417 (1981). Accordingly, the lower court dismissed, with preju-

1. We note that appellee Holmes had also filed a motion for summary judgment against plaintiff Gerace, but the trial court, in an Order dated February 21, 1981 denied that motion. At the time the trial court denied the motion, the decision in *LoBianco v. Property Protection, Inc.*, 292 Pa.Super. 346, 437 A.2d 417 (1981) had yet to be handed down. Therefore, in February of 1985, Holmes filed a Motion for Remand with this court in order to determine whether *LoBianco* should apply to plaintiff Gerace's claims against it. This Court en-

dice, any and all claims by appellants Ferro and Essex against appellee Holmes. This appeal followed.

Appellants now contend *LoBianco* is not controlling in the instant action and summary judgment was improperly granted in that a genuine issue of material fact exists regarding whether the limitation of liability clause contained in the contract is valid and enforceable. Appellees assert that there is no genuine issue of material fact relative to the contract since all parties, including appellant, have pleaded the existence of the contract. Appellees further argue that the question of whether the limitation of liability clause contained is valid and enforceable, is a question of law which was definitively resolved by this Court in *LoBianco*. Most importantly, appellees contend that no legal duty was owed to Ferro or Essex either in contract or tort, and thus, summary judgment was properly entered.

A motion for summary judgment may properly be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Pa.R.C.P. 1035(b). The court's function is not to decide issues of fact but to determine whether there is an issue of fact to be tried. The court must examine the record in the light most favorable to the nonmoving party, with any doubts resolved against the moving party. *Thorsen v. Iron and Glass Bank,* 328 Pa.Super. 135, 476 A.2d 928 (1984).

■ While agreeing with the lower court that summary judgment was properly granted, we base our conclusion on the ground that at the time the burglary occurred appellee Holmes owed no legal duty, either in contract or tort, to Ferro or Essex. As an appellate court, we may affirm the lower court by reasoning different than that used by the lower court. *Emerick v. Carson,* 325 Pa.Super. 308, 472

tered an Order granting Holmes' motion for remand for sixty days from the date of the Order (March 29, 1985). However, it appears the trial court has yet to take any action.

A.2d 1133 (1984) (petition for allowance of appeal denied). Since we are holding that appellants have no rights pursuant to the contract between plaintiff Gerace and appellee Holmes, a discussion of the validity of the alleged "limitation of damage" clause in the contract is unnecessary and irrelevant. Thus, while *LoBianco* may be pivotal in the related action between Holmes and Gerace, it has no application in the case *sub judice.*

There was no legal duty owed to either Ferro or Essex as a third party beneficiary to the contract between Gerace and Holmes. It is undisputed that neither Ferro nor Essex had any contract or agreement with Holmes regarding the security system in the Gerace Store. Since 1950, it has been the law in Pennsylvania that for a third party beneficiary to have standing to recover on a contract, both parties to the contract must express an intention that the third party be a beneficiary to whom the promisor's obligation runs in the contract itself. *Spires v. Hanover Fire Insurance Co.*, 364 Pa. 52, 70 A.2d 828 (1950) (plurality Opinion). Clearly, Ferro and Essex can point to no affirmative undertaking to protect their property evidenced in the contract between Holmes and Gerace.

■ However, the Pennsylvania Supreme Court recently abandoned *Spires* as the exclusive test of what constitutes a third party beneficiary. The court, in *Guy v. Liederbach*, 501 Pa. 47, 459 A.2d 744 (1983) looked to the Restatement of Contracts 2d (1981), specifically § 302, in order to determine third party beneficiary status.

Section 302 states:

Intended and incidental beneficiaries

(1) unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either

(a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or

(b) circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.

(2) an incidental beneficiary is a beneficiary who is not an intended beneficiary.

Even under this more liberal standard, appellants cannot recover as third party beneficiaries.

First, for any suit to be brought, the right to performance must be "appropriate to effectuate the intentions of the parties." This requirement "... leaves discretion with the ... court to determine whether recognition of third party beneficiary status would be 'appropriate.'" *Guy*, 451 Pa. at 60–61, 459 A.2d at 751. Even assuming this to be an appropriate situation for inferring the parties to the contract intended appellants to benefit from the agreement, the additional requirements of the test have not been met.

Under subsection (a), there was no obligation running from Gerace to either Ferro or Essex to pay money for an existing debt when the contract was made. Additionally, under subsection (b), there is no evidence that at the time of contracting, Gerace intended to give the benefit of the promised performance to either Ferro or Essex. Ferro testified that he had no knowledge of the dealings between Holmes and Gerace and further, had no information concerning the burglar alarm system. Moreover, it is unimportant whether Ferro or Essex qualify as incidental beneficiaries. Comment to section 302 of Restatement (Second) of Contracts (1981) states:

(e) Incidental Beneficiaries. Performance of a contract will often benefit a third person. But unless the third person is an intended beneficiary as here defined, no duty to him is created ...

Likewise, we find appellee Holmes owed no legal duty in tort to either Ferro or Essex. It is a fundamental rule of tort law that a negligence claim must fail if it is based on circumstances for which the law imposes no duty of care on the defendant. *Morena v. South Hills Health System*, 501

Pa. 634, 462 A.2d 680 (1983); *Boyce v. United States Steel Corporation*, 446 Pa. 226, 285 A.2d 459 (1971) (plurality Opinion). Section 324A of the Restatement of Torts 2d (1977) states the general rule regarding liability to a third person who is injured as a result of defendant's negligent performance of an undertaking to perform services for another.

One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if

(a) his failure to exercise reasonable care increases the risk of such harm, or

(b) he has undertaken to perform a duty owed by the other to the third person, or

(c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

■ The facts of the instant action do not present a situation in which appellee Holmes should have recognized that any of the services rendered to Gerace Jewelers, Inc. would be necessary for the protection of property owned by Ferro or Essex. Appellant alleges there is no question that William Snyderman, the sales agent for Ferro and Essex, clearly relied on Holmes to protect the Gerace premises and that such reliance formed the primary basis for his leaving the merchandise overnight. Nicholas Ferro's deposition testimony belies this contention. Mr. Ferro testified that he had no knowledge whatsoever concerning the burglar alarm system's placement at the Gerace Jewelry store. He further testified that he had no knowledge concerning the dealings between Mr. Gerace and Holmes (Deposition Testimony, 12/12/80, p. 28–29). In this case, appellants clearly fail to meet the reliance requirements of section 324A.

Lastly, appellants assert that they were denied due process as summary judgment was granted without oral argument as required by Pa.R.C.P. 211.

Rule 211, in pertinent part, provides: "Any party or his attorney shall have the right to argue any motion and the court shall have the right to require oral argument...." Our research indicates that this matter was fully considered in *City of Philadelphia v. Kenny*, 28 Pa.Commw. 531, 369 A.2d 1343 (1977); *cert denied* 434 U.S. 923, 98 S.Ct. 401, 54 L.Ed.2d 281, *reh'g denied* 434 U.S. 1025, 98 S.Ct. 754, 54 L.Ed.2d 774 (1978).

There, the eminent late jurist Judge Harry Kramer, writing for the court, stated:

> There are no court decisions on the issue of whether 211 is a qualified or unqualified right to oral argument. However, in his discussion of Rule 211, Anderson states:
>
>> Rule 211 gives every party or his attorney a *qualified* right to make an oral argument on any motion. The court by local rule may regulate the length of time of such arguments. *In a given case the local court may also dispense with oral argument if it so desires and dispose of the case on the record or upon briefs.* The parties may also waive oral argument unless it is required by the court. 1 A. Anderson, Pennsylvania Civil Practice § 211.1 (third edition 1975). (Emphasis added.)

*Kenny* at 555, 369 A.2d at 1356. *See also Nigrelli v. Cody*, 281 Pa.Super. 156, 421 A.2d 1195 (1980).

In this case, there were extensive depositions and affidavits submitted to the court, and based on those, the court was amply provided with the facts, allegations and legal positions upon which both parties founded their pleadings. Oral argument, at best, would be redundant after the entry of summary judgment and, therefore, we do not find any abuse of discretion in its denial. Since motions may be of numerous varieties, with many degrees of supporting data (or lack of it), discretion must lie with the trial judge to determine whether issues are raised which can best be resolved by briefs and/or oral arguments. We fail to see, in this case, that oral argument would in any way enhance or alter the presentments already before the court and, therefore, find no prejudice to appellants in its denial.

Even in the criminal law context, failure to grant a procedural right is cured when some part of the overall procedure provides the opportunity to address that right. *See Commonwealth v. Ruza*, 511 Pa. 59, 511 A.2d 808 (1986) (failure to grant a defendant a preliminary hearing not fatal when hearing on Omnibus Pre-Trial Motion determined prima facie case existed).

▮ Appellants, in alleging their due process rights were violated, raise a constitutional issue which was not presented to the court below. It is clear that even constitutional issues will be waived where they have not been raised in the lower court and are argued for the first time on appeal. *Patton v. Republic Steel Corp.*, 342 Pa.Super. 101, 492 A.2d 411 (1985). Appellants have had ample opportunity to file a petition for reconsideration with the lower court addressing their constitutional challenge.

Even had the constitutional issues been properly before us, since the appellants have failed to establish any manner in which denial of oral argument was a denial of due process, and constitutional issues must be detailed with particularity, we need not consider it here.

For the reasons stated above, summary judgment is affirmed.