519 A.2d 1037

Gene E. FIZZ, Individually and as Executor of the Estate of Marilyn K. Fizz, Deceased, Appellant,

v.

KURTZ, DOWD & NUSS, INC., Now K.D.N. Corporation, Elmer O. Manwiller and Daniel P. Hussey.

Superior Court of Pennsylvania.

Argued Sept. 10, 1986.

Filed Jan. 14, 1987.

Jeffrey Howell, Reading, for appellant.

Robert I. Cottom, Reading, for appellees.

Before McEWEN, DEL SOLE and TAMILIA, JJ.

TAMILIA, Judge:

This is an appeal from an Order sustaining defendant/appellees' preliminary objections in the nature of a demurrer to appellant's complaint.

Appellant brought this action against appellees after his decedent/wife was struck and killed by an automobile operated by B. Bollinger, who later pled guilty to numerous criminal offenses, including driving while intoxicated. Bollinger admitted that immediately prior to the accident he had been drinking at an establishment which was covered by an insurance policy that had been issued by appellees acting as agents of the Fireman's Fund Insurance Company. The insurance policy provided general, but not liquor, liability coverage for the premises. In his complaint, appellant alleges that appellees, as experts in commercial liability insurance, had a contractual duty to give the insureds proper advice concerning liability insurance for a drinking establishment. Appellant further alleges negligence in failure to give such advice.

On October 9, 1985, appellees filed preliminary objections to the complaint in the nature of a demurrer and a motion for a more specific pleading. On February 14, 1986, after argument, the court sustained appellees' preliminary objections and denied their motion for a more specific pleading. The Order also granted appellant leave to file any further pleadings within twenty (20) days. Appellant did not file

any additional pleadings within twenty days and on March 13, 1986, an appeal was taken to this Court.[1]

Initially, we note that this Court's scope of review is limited where there is a challenge to the sustaining of a preliminary objection in the nature of a demurrer. *Mahoney v. Furches*, 503 Pa. 60, 468 A.2d 458 (1983). Our inquiry goes only to determining the legal sufficiency of appellant's complaint and we may only decide whether sufficient facts have been pleaded which would permit recovery if ultimately proven. *Gordon v. Lancaster Osteopathic Hosp. Ass'n.*, 340 Pa.Super. 253, 489 A.2d 1364 (1985). We must be able to state with certainty that "upon the facts averred, the law will not permit recovery by the plaintiff." *Berger v. Ackerman*, 293 Pa.Super. 457, 459, 439 A.2d 200, 201 (1981).

▮ Viewing appellant's complaint in light of the aforementioned standards, we find the lower court properly sustained appellees' preliminary objections. Appellant contends he has stated a claim for relief in alleging that his decedent, as a third party beneficiary of a contract between appellees and the tavern owners, had been injured as a

---

1. Usually, where a court sustains preliminary objections without dismissing the complaint or otherwise terminating the action the Order is interlocutory and lacks the finality to be appealable. *Freeze v. Donegal Mut. Ins. Co.*, 504 Pa. 218, 470 A.2d 958 (1983); *Jones v. Nissenbaum, Rudolph & Seidner*, 244 Pa.Super. 377, 368 A.2d 770 (1976). However, an Order is final and appealable if it "precludes a party from presenting the merits of his claim to the lower court." (citations omitted) *Com., Dept. of Transp. v. Rollins Outdoor Ad.*, 76 Pa.Cmwlth. 554, 557, 464 A.2d 653, 655 (1983). If the amendment permitted by the court would, for all intents and purposes, put appellant out of court on the question he seeks to litigate, then the Order is final and appealable. *Freeze, supra*, 504 Pa. at 221, 470 A.2d at 960 n. 5.

Although the lower court did not expressly dismiss appellant's complaint, it appears that the court's granting of appellees' demurrer as to both counts of appellant's complaint constituted a dismissal of the complaint. Appellee did not seek to amend his complaint within the time prescribed by the court below and we, therefore, must assume that he cannot. After a review of the record, we also find no basis upon which appellant could assert a cause of action against these appellees. Therefore, appellant has been put out of court on his cause of action and the instant appeal is properly before us for review.

result of appellees' failure to render proper advice to the tavern owners. Further, appellant alleges a claim for relief in that his decedent had been injured by appellees' negligence in failing to so advise the tavern owners. While we must accept appellant's allegations as true, we find no basis in law, under any theory, to support his recovery against appellees, as appellees owed no legal duty, either in contract or tort, to appellant or his decedent.

To assert a claim under the contract between appellees and the tavern owners, appellant must show a legal duty owed to his decedent as a third party beneficiary to the contract.

Since 1950, it has been the law in Pennsylvania that for a third party beneficiary to have standing to recover on a contract, both parties to the contract must express an intention that the third party be a beneficiary to whom the promisor's obligation runs in the contract itself. *Spires v. Hanover Fire Insurance Co.*, 364 Pa. 52, 70 A.2d 828 (1950) (plurality opinion)....

. . . .

... However, the Pennsylvania Supreme Court recently abandoned *Spires* as the exclusive test of what constitutes a third party beneficiary. The court, in *Guy v. Liederbach*, 501 Pa. 47, 459 A.2d 744 (1983) looked to the Restatement of Contracts 2d (1981), specifically § 302, in order to determine third party beneficiary status.

Section 302 states:

Intended and incidental beneficiaries

(1) unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either

(a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or

(b) circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.

(2) an incidental beneficiary is a beneficiary who is not an intended beneficiary.

*Gerace v. Holmes Protection of Phila.*, 357 Pa.Super. 467, 472–473, 516 A.2d 354, 357 (1986).

Under this test, we must determine whether recognition of a beneficiary's right to performance is "appropriate to effectuate the intention of the parties...." *Guy, supra* 501 Pa. at 60, 459 A.2d at 751. This is a discretionary qualification which enables the court to determine whether recognition of third party status is "appropriate" in a given case. *Guy, supra.* In addition, to become an intended beneficiary, the beneficiary must fall within either subsection (a) or (b).

Subsection (a) can rapidly be eliminated as there was no obligation running from appellees to either appellant or his decedent to pay money for an existing debt when the contract was made. We further find that, under subsection (b), there is no evidence to suggest that appellees intended to give the benefit of the promised performance to appellant or his decedent at the time the contract was entered into. To the contrary, any insurance contract entered into between appellees and the tavern owners was for the benefit of the tavern owners so as to protect them against claims by third parties. 47 P.S. § 4–497, a provision within the Liquor Code, provides:

No licensee shall be liable to third persons on account of damages inflicted upon them off of the licensed premises by customers of the licensee unless the customer who inflicts the damages was sold, furnished or given liquor or malt or brewed beverages by the said licensee or his agent, servant or employee when the said customer was visibly intoxicated.

This section imposes liability on the licensee in certain instances but does not, however, require the licensee to carry liability coverage to cover possible losses incurred as

a result of this liquor law liability. Obtaining the appropriate insurance coverage is something the licensee undertakes exclusively for his own benefit and protection. Accordingly, we find that appellant herein is not a third party beneficiary to the contract entered into between appellees and the tavern owners.

■ Likewise, we find that appellees owed no legal duty in tort to appellant or his decedent. Again, we cite to *Gerace*, wherein we stated:

> It is a fundamental rule of tort law that a negligence claim must fail if it is based on circumstances for which the law imposes no duty of care on the defendant. *Morena v. South Hills Health System*, 501 Pa. 634, 462 A.2d 680 (1983); *Boyce v. United States Steel Corporation*, 446 Pa. 226, 285 A.2d 459 (1971) (plurality opinion). Section 324A of the Restatement of Torts 2d (1977) states the general rule regarding liability to a third person who is injured as a result of the defendant's negligent performance of an undertaking to perform services for another.
>
> One who undertakes, gratuitiously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if
>
> (a) his failure to exercise reasonable care increases the risk of such harm, or
>
> (b) he has undertaken to perform a duty owed by the other to the third person, or
>
> (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

*Gerace, supra,* 357 Pa.Superior Ct. at 474, 516 A.2d at 358.

We are in full agreement with the lower court in finding that if negligence against the tavern owners is indeed proven, appellant can recover from them. The tavern owners may then have a case against the appellees on either a

negligence or contractual theory, however, this appellant is owed no duty by these appellees.

Order affirmed.