**Nalesnik v. United National Insurance Co.**

C.P. of Carbon County, No. 12-1671

*Abraham P. Kassis*, for plaintiff.
*Evelyn Rodriguez Devine*, for defendant.

NANOVIC, *P.J.*, June 18, 2014—Frequently, when a dispute arises between an insured and an insurer over whether a policy for liability insurance provides coverage for a particular event, a declaratory judgment action is filed by either the insured or the insurer to resolve this issue. In this case, a suit requesting declaratory and injunctive relief as to the terms of coverage under a liability policy has been filed against the insurer by the injured party. Whether the injured party is entitled to bring this claim is the issue in this case.

## FACTUAL AND PROCEDURAL BACKGROUND

On January 2, 2008, Shawn Nalesnik ("plaintiff") fell from a ladder and injured himself while doing renovation work on property owned by defendant Blue Label Properties, LLC ("insured") located at 347 North Second Street, Lehighton, Carbon County, Pennsylvania. At the time, Blue Label had in full force and effect with defendant United National Insurance Company ("Insurer") a commercial lines policy containing commercial general liability coverage which provided, inter alia, liability coverage with respect to bodily injury caused by an accident occurring at the insured's property.

On November 9, 2009, plaintiff commenced a personal injury suit against the Insured for the injuries he sustained. When notified of this claim, the insurer refused to provide insured with a defense claiming coverage was excluded under the independent contractors endorsement to the policy. This endorsement provides:

This endorsement modifies insurance provided under the following:

Commercial general liability coverage part

This insurance does not apply and we have no duty to defend or investigate any claim, "suit" or demand alleging "bodily injury," including psychological injury "personal injury," "advertising injury," "property damage" or medical payments arising from operations performed for "you" or on "your" behalf, by any volunteer, independent contractor or sub-contractor of "yours."

"Volunteer" is defined as a person that is working for "you" of his own free will, is not being paid as a contractor and has no legal interest in the property or services provided.

The insured has not challenged this decision by the insurer. Instead, on July 31, 2012, plaintiff commenced the present suit against the insurer in which the insured has been joined as an indispensable party. In this suit, plaintiff seeks a declaratory judgment finding that the insurer is obligated to provide its insured a defense to plaintiff's personal injury suit and that if plaintiff obtains a judgment against the Insured in that suit, the insurer is obligated under the policy to pay the judgment amount, subject however to the policy limits of $1,000,000.00.

As plaintiff is neither a named insured nor an insured by definition under the policy between the insured and the Insurer, the insurer has filed a demurrer to plaintiff's suit against it claiming plaintiff has no standing to present this claim.[1]

## DISCUSSION

In *In re: Hickson*, our Supreme Court stated:

[A]s a general policy ... "[a] party seeking judicial resolution of a controversy in this Commonwealth must, as a prerequisite, establish that he has standing to maintain the action...." Our Commonwealth's standing doctrine is not a senseless restriction on the utilization of judicial resources; rather, it is a prudential, judicially-created tool meant to winnow out those matters in which the litigants have no direct interest in pursuing the matter. Such a requirement is critical because only when "parties have sufficient interest in a matter [is it] ensured

---

1. In evaluating a preliminary objection in the nature of a demurrer, our inquiry goes only to determining the legal sufficiency of the complaint, and we may only decide whether sufficient facts have been pleaded which would permit recovery if ultimately proven. *Fizz v. Kurtz, Dowd & Nuss, Inc.*, 519 A.2d 1037, 1038 (Pa. Super. 1987). In order to sustain this objection, we must be able to state with certainty that upon the facts averred, the law will not permit recovery by the plaintiff. *Id.* (citation and quotation marks omitted).

that there is a legitimate controversy before the court."

821 A.2d 1238, 1243 (Pa. 2003)(citations and footnote omitted).

"Standing requires that the person bringing a cause of action be adversely affected by the matter in order to assure that the person is the appropriate party to bring the matter to judicial resolution." *Koresko v. Farley*, 844 A.2d 607, 616 (Pa.Cmwlth. 2004)(citation and quotation marks omitted). A plaintiff has standing if he can show that he has a substantial, direct and immediate interest in the outcome of the litigation. *In re Hickson*, 821 A.2d at 1243. A "substantial" interest is an interest in the outcome of the litigation which surpasses the common interest of all citizens in procuring obedience to the law. *Id.* A "direct" interest requires that the matter complained of caused harm to the party's interest. *Id.* An "immediate" interest concerns the nature of the causal connection between the action complained of and the injury such that the connection is not too remote. *Id.*; *see also Wm. Penn Parking Garage, Inc. v. City of Pittsburgh*, 346 A.2d 269, 282-85 (Pa. 1975). These requirements apply equally to a matter under the declaratory judgments act, 42 Pa.C.S.A. §§ 7531-7541. *Stilp v. Commonwealth*, 910 A.2d 775, 782 (Pa. Cmwlth. 2006).

Plaintiff contends that the Insurer is required by the terms of its insurance policy with the Insured to defend the insured and to pay any judgment which may result from plaintiff's personal injury suit against the insured. Hence, plaintiff claims the insurer has breached the terms of the policy.

In general, the duty of an insurance company runs only to its insured, not to third parties who are not a party to the contract. *Hicks v. Saboe*, 555 A.2d 1241, 1243 (Pa. 1989).

Plaintiff is admittedly not a party to the policy in issue. *See* plaintiff's amended complaint, paragraph 5. Consequently, in order for plaintiff to establish that he is aggrieved by breach of the insurance policy and entitled to have its terms enforced, he must show a legal duty owed to him as a third party beneficiary of the policy. *Fizz v. Kurtz, Dowd & Nuss, Inc.*, 519 A.2d 1037, 1039 (Pa. Super. 1987).

In 1950, the Pennsylvania Supreme Court held in *Spires v. Hanover Fire Insurance Co.*, 70 A.2d 828, 830-31 (Pa. 1950) (plurality opinion) that "in order for a third party beneficiary to have standing to recover on a contract, both contracting parties must have expressed an intention that the third party be a beneficiary, and that intention must have affirmatively appeared in the contract itself." *Scarpitti v. Weborg*, 609 A.2d 147, 149 (Pa. 1992). Here, plaintiff is not a named insured or an insured by definition in the policy. Nor is plaintiff at any point in the policy expressly identified as a third-party beneficiary.

In *Scarpitti*, the Supreme Court carved out an exception to *Spires* by adopting Restatement (Second) of Contracts § 302 (1979) as a guide for the analysis of third-party beneficiary claims. *Scarpitti*, 609 A.2d at 149. This section provides:

Intended and incidental beneficiaries

(1) Unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either

(a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or

(b) circumstances indicate that the promise intends

to give the beneficiary the benefit of the promised performance.

(2) An incidental beneficiary is a beneficiary who is not an intended beneficiary.

Restatement (Second) of Contracts § 302 (1979).

Under the restatement, an intended third-party beneficiary need not be expressly identified and recognized as such in the contract. Rather, a party is an intended third-party beneficiary if: (1) recognition of the beneficiary's right to performance is "appropriate to effectuate the intention of the parties," and (2) either (a) the party is a creditor beneficiary because performance under the contract "satisf[ies] an obligation of the promisee to pay money to the beneficiary" or (b) the party is a donee beneficiary because "the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance." *Guy v. Liederbach*, 459 A.2d 744, 751 (Pa. 1983).[2] The restatement exception to *Spires*, however, is only applicable where "the circumstances are so compelling that recognition of the beneficiary's right is appropriate to effectuate the intention of the parties, and the performance satisfies an obligation of the promisee to pay money to the beneficiary or the circumstances indicate that the promise intends to give the beneficiary the benefit of the promised performance." *Scarpitti*, 609 A.2d at 150-51; *see also Burks v. Federal Ins. Co.*, 883 A.2d 1086, 1088 (Pa. Super. 2005)(noting that even when the contract does not expressly state that the third-party is intended to

---

2. In *Scarpitti v. Weborg*, the Supreme Court stated:
The first part of the test sets forth a standing requirement which leaves discretion with the court to determine whether recognition of third party beneficiary status would be appropriate. The second part defines the two types of claimants who may be intended as third party beneficiaries.
609 A.2d 147, 150 (Pa. 1992).

be a beneficiary, in order to be a third-party beneficiary to a contract under the restatement test, it is still necessary to show that both parties to the contract so intended, and that such intent was within the parties' contemplation at the time the contract was formed).

Plaintiff is not a third-party beneficiary under the restatement. First, plaintiff is neither a creditor nor a donee beneficiary. At the time the contract was entered into, the insured owed no money to the plaintiff and the insurer did not obligate itself to make any payment to the plaintiff for an existing debt. Further, there is no evidence to suggest that the insured intended to confer on the plaintiff the benefit of its bargain. To the contrary, such insurance was obtained exclusively for the benefit of the insured to protect itself against claims by third parties. *Fizz*, 519 A.2d at 1039-40. These circumstances clearly evidence that the intended beneficiary of the insurer's performance was the Insured, not plaintiff, and that no rights under the policy were intended to be conferred on plaintiff. In addition, not only is the insured's liability to plaintiff speculative at this time, in the event plaintiff succeeds on his claim, it is equally speculative whether recovery will be from the insured personally, or its insurer.[3]

---

3. Plaintiff's legal status *vis-à-vis* the insured is unclear. Plaintiff alleges in its amended complaint that prior to January 2, 2008, plaintiff was retained by the Insured to perform electrical work as an independent contractor. (Amended complaint, paragraph 13). Nevertheless, plaintiff contends the "independent contractor" exclusion in the Insured's liability policy is inapplicable because he was not performing the work for which he had been engaged as an independent contractor when he was injured, but was performing other work, which work and its manner of performance, was controlled by the Insured. (Amended complaint, paragraph 14). However, even if the plaintiff's status is that of a common law "employee" or "subcontractor," rather than an independent contractor, coverage for employer liability is likewise specifically excluded from the policy.

In the event plaintiff is successful in his claim against the Insured, plaintiff would clearly have a right to seek recovery from the Insured. The insured may in turn have a right under the policy to have this amount

## CONCLUSION

In general, an injured party has no standing to compel the insurer of a general liability insurance policy to provide insurance coverage to the named insured in the policy. This is so because the duty of an insurer runs only to its insured. An injured party who is not a contracting party to the liability policy is ordinarily not intended by the parties to be a third-party beneficiary and thus has no cause of action against the insurer under a contractual third-party beneficiary theory. Instead, the insurance protection provided by the policy is intended to primarily benefit the insured against claims by third parties. Consequently, the insurer's preliminary objection to plaintiff's amended complaint in the nature of a demurrer will be granted.[4]

---

paid by the insurer, however, plaintiff is owed no legal duty by the insurer as a third-party beneficiary to the policy.

4. Plaintiff may have standing in the future to enforce this contract under the Pennsylvania Insurance Insolvency Act, 40 Pa.C.S.A. § 117. This statute provides for a direct cause of action against the insurer of a defendant but only when a judgment has been entered against that defendant and the plaintiff is unable to execute that judgment because the defendant is bankrupt or insolvent. *See Kollar v. Miller*, 176 F.3d 175, 181 (3d Cir. 1999)(stating basis for cause of action under the Pennsylvania Insurance Insolvency Act).