# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joan Lichtman, : 
                      Appellant : 
                             :
               v. : No. 1563 C.D. 2017
                             : Submitted: July 20, 2018
Kelley Hodge : 
John Delaney : 
R. Seth Williams : 
Kathleen Martin : 
in their personal and professional : 
capacities : 

**OPINION NOT REPORTED**

**MEMORANDUM OPINION**
**PER CURIAM**                                 **FILED: September 13, 2018**

Joan Lichtman (Lichtman), pro se, appeals from an Order of the Court of Common Pleas of Philadelphia County (common pleas), dated October 4, 2017, which dismissed Lichtman's Complaint without prejudice[1] pursuant to Rule 240(j)(1) of the Pennsylvania Rules of Civil Procedure, Pa.R.C.P. No. 240(j)(1).[2]

---

[1]Although common pleas did not dismiss Lichtman's Complaint with prejudice, common pleas did not grant Lichtman leave to amend and, therefore, we conclude that the October 4, 2017 Order is a final order. *Fizz v. Kurtz, Dowd & Nuss, Inc.*, 519 A.2d 1037, 1038 n.1 (Pa. Super. 1987); *see Lichtman v. Williams* (Pa. Cmwlth., No. 1435 C.D. 2017, filed May 8, 2018), slip op. at 1 n.1 (concluding that the order dismissing Lichtman's prior complaint without prejudice was a final order).

[2] Rule 240(j)(1) states:

If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed *in forma pauperis*, the court prior to acting upon the petition may dismiss the action, proceeding or appeal

Upon review, we hold that common pleas correctly concluded that the Complaint was frivolous within the meaning of Rule 240(j)(1) of the Pennsylvania Rules of Civil Procedure, and, therefore, we affirm.

Previously, on June 20, 2017, Lichtman filed a complaint in the nature of mandamus against former District Attorney for the City of Philadelphia, R. Seth Williams, and former First Assistant District Attorney for the City of Philadelphia, Kathleen Martin, seeking to compel them to investigate and bring criminal charges against certain members of the Pennsylvania Bar, both public officials and private attorneys, who allegedly illegally seized her personal and real property, and then sold that property at a sheriff's sale or diverted it to themselves. *Lichtman v. Williams* (Pa. Cmwlth., No. 1435 C.D. 2017, filed May 8, 2018) (*Lichtman I*). Common pleas dismissed the complaint in *Lichtman I* as frivolous under Rule 240(j)(1) of the Pennsylvania Rules of Civil Procedure without prejudice, and we affirmed, although we cited different reasons than common pleas for concluding the complaint was frivolous.

Shortly before filing the notice of appeal in *Lichtman I*, Lichtman filed the instant Complaint, again in the nature of mandamus, against Williams and Martin, and adding, as named defendants, former Interim District Attorney Kelley Hodge and First Assistant District Attorney John Delaney.[3] The Complaint contains 261

---

if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

Pa.R.C.P. No. 240(j)(1). "A frivolous action or proceeding has been defined as one that 'lacks an arguable basis either in law or in fact.'" *Id*., *Note* (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

[3] We take judicial notice of the fact that Hodge is no longer the District Attorney for the City of Philadelphia. It also appears, based on the business address Lichtman listed on Lichtman's brief, that Delaney is also no longer employed by the Philadelphia District Attorney's Office. As

2

paragraphs spanning 58 pages, attached to which are two memoranda of law.[4]  While the Complaint is nearly 100 more paragraphs than her complaint in *Lichtman I*, the thrust of Lichtman's action, as even she acknowledges, remains the same. (Complaint ¶ 5 ("This Mandamus Complaint and its predecessor Complaint are essentially identical, save for references in the new Complaint necessary for the addition of . . . Hodge and . . . Delaney.").)  She seeks to compel Williams, Martin, and now Hodge and Delaney (collectively, Defendants), to investigate and prosecute certain members of the Pennsylvania Bar on the same basis as alleged in her prior complaint in *Lichtman I*.  Lichtman claims that a district attorney has a "mandatory, ministerial obligation[] . . . to file criminal complaints, accept evidence, investigate crime, to apply the [l]aw, universally and uniformly, and to **exercise** discretion." (*Id.* ¶ 8 (emphasis in original).)  Contemporaneous with the filing of the Complaint, Lichtman petitioned to proceed *in forma pauperis* (IFP).

By Order dated October 4, 2017, common pleas, upon considering Lichtman's IFP Petition and her Complaint, dismissed, pursuant to Rule 240(j)(1) of the Pennsylvania Rules of Civil Procedure, the Complaint for failure to state a claim upon which relief could be granted.[5]  Following the filing of the notice of appeal, common pleas issued its opinion pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 1925(a), explaining that Lichtman's Complaint was frivolous because she did not have a clear legal right to the relief requested and

---

in *Lichtman I*, we question whether the proper parties have been named in this action.  *Lichtman I*, slip op. at 2 n.4.

[4] Rules 1019(a) and 1022 of the Pennsylvania Rules of Civil Procedure require that "[t]he material facts on which a cause of action . . . is based shall be stated in a concise and summary form" and "[e]ach paragraph [in a pleading] shall contain as far as practicable only one material allegation."  Pa.R.C.P. Nos. 1019(a), 1022.

[5] Lichtman subsequently moved for reconsideration of common pleas' October 4, 2017 Order, which common pleas denied.

3

Defendants did not have a corresponding duty to act on Lichtman's behalf. (1925(a) Opinion at 2.) Further, common pleas noted, the Complaint was "the same complaint" as Lichtman had previously filed, with the exception of her having "added two additional Defendants." (*Id.*)

On appeal,[6] as best we can discern, Lichtman argues that the Complaint should not have been dismissed for the following reasons. Lichtman claims she alleged facts showing that she satisfied the three-prong test warranting the issuance of a writ of mandamus because Defendants have a mandatory, non-discretionary duty to investigate and to accept and file criminal complaints, which they failed to do despite her having presented them with evidence of the crimes underlying the Complaint. Lichtman further asserts that common pleas incorrectly interpreted and applied Rule 240(j)(1) and the law governing mandamus and failed to read the Complaint and consider the evidence Lichtman submitted. Lichtman appears to argue that common pleas could not dismiss the Complaint under Rule 240(j)(1) because she previously has been permitted in other lawsuits to proceed IFP.[7] Lichtman also raises many of the same arguments that she raised in *Lichtman I*, such as that this civil case should not have been transferred to a judge in the criminal division, and that common pleas should have applied relevant provisions of the Philadelphia Code[8] to this matter and

---

[6] In reviewing a decision of common pleas to dismiss a complaint pursuant to Rule 240(j)(1), this Court is limited to determining whether the appellant's constitutional rights were violated, whether common pleas abused its discretion, and whether common pleas committed an error of law. *Jones v. Doe*, 126 A.3d 406, 408 n.3 (Pa. Cmwlth. 2015).

[7] By order dated July 13, 2018, we precluded Defendants from filing a brief based on their failure to file a brief in accordance with our order of June 4, 2018. *Lichtman v. Hodge* (Pa. Cmwlth., No. 1563 C.D. 2017, filed July 13, 2018).

[8] Lichtman cites to Chapter 9-1600 of the Philadelphia Code, which prohibits unlawful eviction practices. Phila., Pa., Code §§ 9-1600-1608 (2016).

4

reported the conduct alleged in the Complaint to attorney disciplinary and prosecutorial authorities.[9]

Pursuant to Rule 240(j)(1):

> [I]f, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed [IFP], the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

Pa.R.C.P. No. 240(j)(1). "A frivolous action or proceeding has been defined as one that 'lacks an arguable basis either in law or in fact,'" *id.*, *Note* (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)), or, stated differently, fails to "set forth a valid cause of action" on its face, *McGriff v. Vidovich*, 699 A.2d 797, 799 (Pa. Cmwlth. 1997).

"A writ of mandamus is an extraordinary remedy that compels an official's performance of a ministerial act or mandatory duty." *Sturgis v. Doe*, 26 A.3d 1221, 1223 (Pa. Cmwlth. 2011). The issuance of a writ of mandamus is warranted "where there exists a clear legal right in the plaintiff and a corresponding duty in the defendant and a lack of another appropriate and adequate remedy." *Lutz v. Commonwealth*, 505 A.2d 1356, 1357 (Pa. Cmwlth. 1986) (quotation omitted).

---

[9] In addition, Lichtman's brief contains accusations that the common pleas judge, by her dismissal of the Complaint, done at the behest of the supervising judge of the civil trial division, became "a willing participant in the underlying crimes" alleged in the Complaint, thereby "exposing herself to potential prosecution and disciplinary action," and is attempting to "silenc[e]" Lichtman. (Lichtman's Brief at 17, 19, 38.) These accusations, and others like them in Lichtman's brief, are "immaterial and inappropriate to the proof of the cause of action," that is, they are scandalous and impertinent and, therefore, we will not consider them. *See Dep't of Envtl. Res. v. Peggs Run Coal Co.*, 423 A.2d 765, 769 (Pa. Cmwlth. 1980).

Mandamus will not lie "to revise a public official's decision that results from the exercise of discretion." *Seeton v. Adams*, 50 A.3d 268, 273 (Pa. Cmwlth. 2012). However, "mandamus can be used to compel a public official to exercise discretion where the official has a mandatory duty to perform a discretionary act and has refused to exercise discretion." *Id.* at 274.

As we stated in *Lichtman I*, "[a] prosecutor has broad discretion in deciding whether to prosecute an alleged criminal offender." *Lichtman I*, slip op. at 5 (citing *Konya v. Dist. Att'y of Northampton Cty.*, 669 A.2d 890, 892-93 (Pa. 1995)). Further, other than the "narrow exception" of Rule 506 of the Pennsylvania Rules of Criminal Procedure, "a prosecutor's decision **not** to enforce a law is beyond judicial review." *Seeton*, 50 A.3d at 276 (emphasis in original). In other words, the "discretionary power not to enforce is almost always immune to judicial review, even for abuse of discretion." *Id.* (emphasis omitted) (quoting 2 KENNETH C. DAVIS, ADMINISTRATIVE LAW TREATISE § 9:1, at 218 (2d ed. 1979)). Consequently, a citizen has **"no legal right** to compel . . . a District Attorney to prosecute the individuals named in [a] private criminal complaint." *Konya*, 669 A.2d at 893 (emphasis added); *see* Rule 506 of the Pennsylvania Rules of Criminal Procedure, Pa.R.Crim.P. 506 (setting forth the procedure for approval of a private criminal complaint); *Roman v. Phila. Cty. Dist. Att'y* (Pa. Cmwlth., No. 2071 C.D. 2011, filed June 27, 2012), slip op. at 2, 4 (where inmate filed private criminal complaint against his ex-wife claiming that she perjured herself in connection with his criminal conviction, but District Attorney's Office refused to prosecute, we affirmed denial of inmate's writ of mandamus as frivolous under Rule 240(j)(i) because mandamus

6

is not available to compel a District Attorney "to exercise prosecutorial discretion in a particular way").[10]

Here, Lichtman has not cured the deficiencies that led to the dismissal of her prior complaint. As in *Lichtman I*, since Lichtman seeks to compel Defendants to perform a discretionary act in a particular way, and an award of damages for what constitutes an immunized decision, Lichtman's Complaint "lacks an arguable basis . . . in law" and, therefore, is frivolous.[11] Pa.R.C.P. No. 240(j)(1), *Note* (quoting *Neitzke*, 490 U.S. at 325). Accordingly, common pleas properly dismissed the Complaint pursuant to Rule 240(j)(1) of the Pennsylvania Rules of Civil Procedure.[12]

---

[10] *Roman* is cited for its persuasive value in accordance with Section 414(a) of the Commonwealth Court's Internal Operating Procedures. 210 Pa. Code § 69.414(a).

[11] We note that there is no allegation that Lichtman even submitted a private criminal complaint to any of Defendants, only that she submitted evidence to them.

[12] Lichtman's remaining contentions do not warrant reversal. There is nothing in Rule 240(j)(1) that prohibits a court from dismissing an action as frivolous merely because in a prior action the same party was granted permission to proceed IFP. *Cf. Grosso v. Love*, 667 A.2d 43, 44 (Pa. Cmwlth. 1995) (holding that it was improper to dismiss the complaint as frivolous under Rule 240(j) where the trial court, in the same action, granted IFP status "and then dismissed the action"). There is nothing in the record to suggest that common pleas did not read the Complaint, and the documents attached to it, before dismissing it. In fact, to the contrary, the October 4, 2017 Order expressly states that common pleas reviewed the Complaint. Nor is there anything in the record to suggest that the common pleas judge who dismissed the Complaint was biased. Adverse rulings, without more, are insufficient to demonstrate bias. *Dow v. Workers' Comp. Appeal Bd. (Household Fin. Co.)*, 768 A.2d 1221, 1225 (Pa. Cmwlth. 2001). Finally, we find Lichtman's remaining contentions without merit for the same reasons we articulated in *Lichtman I*.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joan Lichtman,                          :
                    Appellant          :
                                        :
          v.                            :     No. 1563 C.D. 2017
                                        :
Kelley Hodge                            :
John Delaney                            :
R. Seth Williams                        :
Kathleen Martin                         :
in their personal and professional     :
capacities                              :

**PER CURIAM**                          **O R D E R**


**NOW**, September 13, 2018, the Order of the Court of Common Pleas of Philadelphia County, dated October 4, 2017, is hereby **AFFIRMED**.