558 A.2d 99

**NOBLE C. QUANDEL CO., Appellee,**

v.

**SLOUGH FLOORING, INC., Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1988.

Filed May 2, 1989.

Thomas A. Beckley, Harrisburg, for appellant.

Edward E. Kopko, Pottsbille, for appellee.

Before WIEAND, OLSZEWSKI and TAMILIA, JJ.

OLSZEWSKI, Judge:

This is an appeal from a judgment entered upon a jury verdict by the Court of Common Pleas of Dauphin County in favor of appellee (hereinafter "Quandel"), and against appellant (hereinafter "Slough"). Slough presents two issues for review: (1) whether the trial court erred in its charge to the jury; and (2) whether the trial court abused its discretion relating to the admission of Quandel's damages.[1]

Quandel is a general construction company. In December of 1979, Quandel contracted with Greenwood School District in Perry County to build a school. Part of the school building included a multi-purpose room with a synthetic floor. The construction of the floor was beyond the expertise of Quandel, therefore, it subcontracted with Slough Flooring, Inc. to do the work.

---

1. Appellee Quandel has failed to provide this Court with a brief in this matter. Accordingly, we resolve these issues based on the brief of appellant and the record.

Quandel was responsible for pouring a cement sub-floor, which had to be within certain tolerances before the synthetic floor could be poured by Slough. Quandel was unable to bring the sub-floor within the specified tolerances and entered into a separate cost-plus contract with Slough to level and pour the floor. Slough poured the floor; however, at certain spots delamination occurred. Eventually, the floor was torn up and replaced.

Quandel then sued Slough for damages arising from Slough's alleged breach of its subcontract agreement with Quandel. Slough, in a separate action, sued Quandel for consequential damages arising from Quandel's alleged breach of the same subcontract. By stipulation of the parties, the cases were consolidated for trial.

The case was tried before a jury on June 8, 1987, resulting in a verdict in favor of Quandel and against Slough in the amount of $23,633.35. Slough then filed post-trial motions which were denied by the trial court on February 29, 1988. On March 23, 1988, judgment was entered on the jury verdict. Slough then filed the instant appeal.

Slough presents two issues for review: (1) whether the trial court erred in its charge to the jury; and (2) whether the trial court abused its discretion regarding the admission of Quandel's damages.

Slough first argues that the trial court's charge to the jury was erroneous in two respects: first, the trial court improperly vested responsibility for interpreting the terms of a clear written agreement to the jury; and second, it improperly instructed the jury that all final responsibility was Slough's pursuant to the contract terms. Slough asserts that the clear written language provides that Quandel was to be responsible for the condition of the sub-floor and that Slough was to be responsible for the synthetic floor. Despite these terms, however, Slough argues that the trial court instructed the jury that it could find Slough responsible for both the sub-floor and the synthetic floor. According to Slough, this was error as insufficient evidence was introduced at trial to indicate a modification of the clear

written agreement. Therefore, Slough argues that the instruction was erroneous. We disagree.

■ When a challenge is made as to the sufficiency of a charge to the jury, our function as an appellate court is to examine the charge in its entirety against the background of the evidence to determine whether error has been made which prejudices the complaining party. Unless we conclude that the charge as a whole was erroneous and may have prejudiced the appellant, we will not reverse for isolated inaccuracies. In making such a determination, we are careful to construe the offending portions in their proper context. *Reimer v. Tien,* 356 Pa.Super. 192, 206, 514 A.2d 566, 573 (1986).

■ Keeping this standard in mind we must reject Slough's initial claims. In regards to Slough's first argument, it is well-settled that where conflicting evidence is presented concerning parol modification of a contract, it is within the province of the jury to define its terms; unless the proponent's own version fails to support an alleged modification, the trial court should not declare that a modification does not exist. *East Texas Motor Freight, Diamond Div. v. Lloyd,* 335 Pa.Super. 464, 484 A.2d 797 (1984). In the present case, our review of the record indicates that conflicting evidence was introduced regarding modification of the existing contract between the parties. Under these circumstances, we find no error on the part of the trial court for instructing the jury that they were to determine the effect of the alleged modification, if any, on the responsibilities of the parties.

Regarding the second argument, Slough cites several excerpts from the jury instruction and claims that they are erroneous and prejudicial. Upon careful review of the entire jury charge, however, we fail to find any merit in this contention. These same excerpts, when placed in their proper context and read together with the complete charge, do not demonstrate error or prejudice. Accordingly, we reject this argument.

Next, Slough contends that the trial court abused its discretion by admitting certain evidence of Quandel's dam-

ages. Two arguments are advanced: first, that testimony elicited from Quandel's president concerning the amount of damages violated the "best evidence" rule; and second, it was improper to allow Quandel to submit corporate records as evidence of damages during rebuttal. As an alternative, Slough argues that the admission of both types of evidence together resulted in prejudice on its part.

Initially, Slough contends that the testimony offered by Quandel's president regarding damages violated the "best evidence" rule. Slough asserts that Quandel's president had no independent knowledge of the damage figures, but instead testified from the complaint as to amounts which were derived from corporate records not available in court during his examination. Under these circumstances, Slough argues that Quandel offered no admissible proof of damages as part of its case-in-chief.

The trial court counters that Slough's claim is without merit. In so doing, the court noted that Quandel's president was personally involved in negotiating all phases of the subcontract with Slough, and that all of the cost figures supplied in preparation of Quandel's case were prepared by him. According to the court, while the witness did not testify from Quandel's business records, he nevertheless was competent to testify regarding any alleged damages suffered by Quandel. We agree.

Slough has clearly misconstrued the meaning of the "best evidence" rule. The rule itself requires a party who seeks to prove a writing for the purpose of establishing its terms to produce the writing unless the nonfeasability of production is satisfactorily established. *Warren v. Mosites Construction Co.*, 253 Pa.Super. 395, 385 A.2d 397 (1978). Application of the rule is limited to those situations where the *contents* of the document are at issue and must be proved to make a case or provide a defense. *Mars v. Meadville Telephone Co.*, 344 Pa. 29, 23 A.2d 856 (1942); *Perry v. Ryback*, 302 Pa. 559, 153 A. 770 (1931); *Ragnar Benson, Inc. v. Bethel Mart Associates*, 308 Pa.Super. 405, 454 A.2d 599 (1982); *Warren v. Mosites Construction Co.*,

*supra.* Where the contents of a document are merely evidence of, rather than material to, issues in the case the rule is inapplicable. *Durkin v. Equine Clinics, Inc.,* 313 Pa.Super. 75, 459 A.2d 417 (1983).

Pennsylvania courts have had occasion to determine the admissibility of evidence under circumstances similar to the situation with which we are now confronted. In *Mars v. Meadville Telephone Co., supra,* a widow was permitted to testify in regards to her deceased husband's earnings from her own knowledge without first producing his record books. Similarly, in *Ragnar Benson, Inc. v. Bethel Mart Associates, supra,* a project manager was permitted to testify from his own recollection regarding the amount of damages incurred in an action for breach of contract without first having to authenticate certain bills that were used to refresh his memory. The respective Courts in both cases reasoned that the issue was not the written content of the documents but the amount of damages. We find this reasoning persuasive in the case at bar.

■ In the present situation, Quandel made no attempt to prove the contents of its business records. Quandel, through the testimony of its president, sought only to prove the amount of damages it had incurred through the failure of the contract. During his testimony, the witness noted his responsibilities as the chief executive officer of Quandel and his knowledge of all of its financial matters. Although Quandel's complaint was used to refresh the witness' memory, we are satisfied that his testimony was from his own recollection. In making this conclusion, we note that the complaint in this matter was filed close to five years prior to his in-court testimony. Therefore, we agree with the trial judge that the witness was competent to testify concerning any damages sustained without the production of Quandel's business records.

■ Finally, Slough argues that the trial court abused its discretion by allowing Quandel to introduce its corporate records in rebuttal after it had rested its case-in-chief. Slough claims that this evidence was improper for the rebuttal stage and should not have been allowed in over its

objection. Slough stresses that the trial court, by allowing introduction of the business records in this manner, has given Quandel free license to unduly bolster its damage claims. We disagree.

We take note at the outset that Slough is mistaken as to what actually transpired during the trial proceedings. As our review of the record indicates, the corporate records were not allowed into evidence during the rebuttal stage; rather, Quandel was allowed to reopen its case-in-chief. Thus, the question we must address is whether the trial court abused its discretion by allowing Quandel to reopen its case-in-chief to present additional evidence of damages.

Turning to the record, we note that it was Slough who initially wanted the records produced. Slough had two purposes in mind: first, Slough claimed that the law required the records be present in the courtroom while the witness was testifying as to damages; and second, Slough contended that without the records, it could not properly cross-examine the witness. With respect to the first purpose, the trial court properly concluded that the records need not be produced in order for the witness to testify. As for the second purpose, however, the court agreed with Slough despite the fact that in the six years the case had been pending, Slough made no attempt to secure the records. Accordingly, at the end of the second day of testimony the trial judge stated that before he would allow Quandel to rest its case, he would extend to Slough the right to examine Quandel's business records and further cross-examine the witness with respect to those records. The next day, however, instead of recalling Quandel's president or reviewing the documents which were made available, Slough put on its case-in-chief. After Slough rested, Quandel offered to recall the witness to introduce the business records into evidence. The trial judge agreed, and stated that Slough had the right to cross-examine the witness if he wished. Slough declined. On appeal, Slough claims this was error. We disagree.

It is well-settled that the decision of a trial judge to permit a party to reopen its case will not be reversed on

appeal absent an abuse of discretion. *Perkiomen Twp. v. Mest,* 513 Pa. 598, 522 A.2d 516 (1987); *Beneshunas v. Independence Life & Accident Insurance Co.,* 354 Pa.Super. 391, 512 A.2d 6 (1986); *Warren v. Mosites Construction Co., supra.* Under the present circumstances, we believe that the record reflects a full justification for the actions of the trial judge. Accordingly, we find no abuse of discretion on his part in allowing Quandel to reopen its case-in-chief in order to introduce its corporate records on the issue of damages. Therefore, we are compelled to reject his final claim.[2]

Having found no basis upon which to grant the relief requested by Slough, we have no alternative but to affirm the order of trial court.

Judgment affirmed.

---

**2.** In light of our disposition of Slough's contentions relating to Quandel's damage testimony, we need not dwell on appellant's final contention that the allowance of both types of evidence prejudiced its case except to say that we find the same without merit.