602 A.2d 897

**LINDE ENTERPRISES, INC.**

v.

**HAZELTON CITY AUTHORITY**

v.

**WESTMORELAND ENGINEERING CO., INC.**

**Appeal of WESTMORELAND ENGINEERING CO., INC.**

Superior Court of Pennsylvania.

Argued Oct. 10, 1991.

Filed Feb. 13, 1992.

Thomas P. Shearer, Pittsburgh, for appellant.

Robert D. Schaub, Wilkes–Barre, for appellee Linde.

Anthony C. Falvello, Sugarloaf, for appellee Hazelton City Authority.

Before CAVANAUGH, McEWEN and OLSZEWSKI, JJ.

CAVANAUGH, Judge:

This case is a direct appeal from a judgment in favor of plaintiff-appellee Linde Enterprises, Inc. (Linde) against appellant-defendant Westmoreland Engineering Co., Inc. (WECO) in the amount of $26,607.66 and against original defendant Hazelton City Authority (HCA) in the amount of $22,691.55. On appeal, appellant WECO[1] asserts the trial court erred as follows: (1) the trial court erred in allowing Linde to recover against WECO in negligence because there was an absence of privity between Linde and WECO; (2) the trial court erred by allowing Linde's claim for additional money for excavation to be submitted to the jury despite the language of the contract and despite the fact that Linde's alleged damages for excavation were not supported by competent evidence; (3) the trial court erred by allowing Linde's claim for additional money for compaction of the common embankment to be submitted to the jury where there was not enough evidence of WECO's negligence; and

1. HCA has not appealed the verdict and has satisfied the judgment against it.

(4) the trial court erred by asserting that WECO is obligated to pay interest from February 1, 1984. We find merit with appellant's first argument, and reverse the judgment against WECO.

Linde was the low bidder on a contract for the reconstruction of Dam "G" on Dreck Creek, Hazel Township, by HCA, and was subsequently awarded the job. HCA hired an engineering firm, WECO, to provide the specifications for the dam and also to supervise its construction. Significant cost overruns occurred on parts of the project. Claiming that these cost overruns were due to faulty specifications provided to it by HCA and negligent supervision by agents of HCA (WECO), Linde filed suit against HCA. HCA joined WECO. Prior to the commencement of the jury trial, WECO filed two separate Pre–Trial motions. First, WECO argued that there could be no direct recovery against it by Linde. Second, it argued that any alleged contract ambiguity should be determined by the Court instead of the jury. Both motions were denied.

At trial, Linde claimed it was owed the difference between the cost of the dam "as built" and the estimated cost for certain items. Linde claimed that the contract involved in the matter is what is commonly referred to in the construction trade as a "Unit Price Contract." Under a Unit Price Contract, the cost per unit of certain construction materials are fixed and the amount to be used is estimated. If more material is used, the contractor can apply for additional compensation based on the cost per unit times the additional amount of units used. Linde asserted that HCA would not pay for various extra materials used. Linde additionally asserted that the contract anticipated that the material taken from underneath and near the area of the spillway could be used as part of the dam embankment. Upon excavation, this material was determined to be an ash-like substance unsuitable for constructing a dam. This subsurface had to be excavated and transported from the dam area, which Linde claimed was unanticipated by the contract and caused a considerable cost overrun.

After closing arguments, the trial court instructed the jury as to the relevant law. The trial court, in discussing the potential liability of WECO, asserted:

If Linde is successful in proving that the contract documents prepared by Westmoreland were ambiguous or deficient, and that Linde is thus entitled to recover on those items in the second part of its claim, then Westmoreland is liable, either directly to Linde or liable to indemnify the Authority for any amounts you find must be paid to Linde under this portion of the claim.

WECO made an exception to the charge that Linde could directly recover against WECO. After the jury deliberated on the case, they sent a note to the trial court asking whether liability could be divided between HCA and WECO. This gave the trial court a prime opportunity to correct the inaccurate instruction. Notwithstanding, the trial court answered as follows:

Ladies and gentlemen, you will determine from all the evidence whether [HCA] is liable; and if so, you will make that indication on the jury slip or from all the evidence. If you determine that [WECO] is liable, you make that indication. Or if you determine from all the evidence that both are liable, you will indicate on the jury slip accordingly.

The jury subsequently found HCA liable in the amount of $22,691.55 and WECO liable in the amount of $26,607.66. WECO specifically reserved its right to argue that Linde could not directly recover against WECO (Transcript II, pp. 589–592), and filed prompt post-trial motions on October 10, 1989. These motions were all denied, and this appeal followed.

■ It is well-settled that when reviewing a party's challenge to a jury instruction, an appellate court will scrutinize the entire instruction against the evidence presented to determine if prejudicial error has occurred. *Schecter v. Watkins,* 395 Pa.Super. 363, 374, 577 A.2d 585, 591, *alloc. den.,* 526 Pa. 638, 584 A.2d 320 (1990); *Nobel C. Quandel*

*Co. v. Slough Flooring, Inc.,* 384 Pa.Super. 236, 240, 558 A.2d 99, 101 (1989). We have held:

> The primary duty of a trial judge in charging a jury is to clarify the issues so that the jury may comprehend the questions they are to decide. The instructions must give the jury a reasonable guide for the determination of the question of the defendant's or plaintiff's alleged negligence and on the duty of care or duty to inspect required by any person. The jury cannot determine whether a party is guilty of negligence or contributory negligence without knowing the degree of care required of that party.

*Wood v. Smith,* 343 Pa.Super. 547, 550–551, 495 A.2d 601, 603 (1985), *appeal dismissed,* 512 Pa. 641, 518 A.2d 266 (1986); *accord Crotty v. Reading Industries,* 237 Pa.Super. 1, 4, 345 A.2d 259, 261 (1975). We will not reverse a trial court's instruction on the basis of isolated inaccuracies, but will only reverse if the charge as a whole was erroneous and prejudiced the complaining party. *Schecter, supra,* 395 Pa.Super. at 374, 577 A.2d at 591; *Quandel Co., supra,* 384 Pa.Super. at 240, 558 A.2d at 101. "[A] new trial will be granted where a charge is erroneous in a basic respect and it is impossible to determine the extent to which it was prejudicial." 62 Pa.Stand.Pract.2d § 48. It is well-settled that "[w]here an erroneous instruction consists of a palpable misstatement of the law, it is not cured by a conflicting or contradictory one which correctly states the law on the point involved, for the jury, assuming, as is their duty, that the instructions are all correct, may as readily have followed the incorrect as the correct one, and it is impossible to know which they accepted." *Smith v. Chardak,* 291 Pa.Super. 173, 182, 435 A.2d 624, 629 (1981), *quoting Pedretti v. Pittsburgh Railways Co.,* 417 Pa. 581, 586, 209 A.2d 289, 292 (1965); *accord Morrisey v. Commonwealth, Dept. of Highways,* 440 Pa. 71, 80, 269 A.2d 866, 870 (1970). A new trial is appropriate under these circumstances. *Zitkus v. Southeastern Pennsylvania Transp. Auth.,* 61 Pa. D. & C. 2d 378 (1972), *aff'd* 225 Pa.Super. 761, 306 A.2d 903.

The instruction that WECO could be directly liable to Linde despite their lack of privity was a basic error of law prejudicial to WECO. Linde's suit against WECO involves allegations of negligence. "It is a fundamental rule of tort law that a negligence claim must fail if it is based on circumstances for which the law imposes no duty of care on the defendant." *Gerace v. Holmes Protection of Phila.*, 357 Pa.Super. 467, 473, 516 A.2d 354, 358 (1986); *accord Morena v. South Hills Health System*, 501 Pa. 634, 642, 462 A.2d 680, 684 (1983). Specifically, this case involves allegations of professional negligence. "Pennsylvania courts have long held that privity between parties is required to maintain an action for professional negligence." *Hartford Accident & Indemnity Co. v. Parenti Randolph et. al.*, 642 F.Supp. 38, 40 (M.D.Pa.1985). We agree with WECO that although it may have a duty of care owed to HCA by reason of its contract with it, WECO had no contractual relation with Linde and hence owed no duty of care to Linde. While certainly WECO might be found liable to HCA on a negligence or contract theory, the same is not true of WECO and Linde. Moreover, we have reviewed the instruction as a whole against the the evidence presented, and have found nothing which mitigates the prejudicial instruction.

■ Linde claims that, notwithstanding the lack of a contractual relationship between Linde and WECO, Linde can recover from WECO on the basis that either it is a third party beneficiary to the WECO–HCA contract or that WECO owed a duty under Pennsylvania law to contractors or subcontractors as an architect drawing up specifications for the job to the contractor to exercise due care in drawing up specifications. We find both arguments without merit.

The general principle for what constitutes a third party beneficiary was first articulated in the seminal case *Spires v. Hanover Fire Ins. Co.*, 364 Pa. 52, 56–57, 70 A.2d 828, 830–831 (1950) (plurality opinion):

To be a third party beneficiary entitled to recover on a contract it is not enough that it is intended by one of the

parties to the contract and the third person that the later should be a beneficiary, but both parties to the contract must so intend and must indicate that intention in the contract. . . .

The Court at that time opined that sufficient indication of the intent to make a third party a beneficiary would only arise where the obligation affirmatively appeared in the contract itself, e.g. the third party was referred to by name in the contract itself. *Spires, supra,* 364 Pa. at 57, 70 A.2d at 830–831. Subsequently, two different views in the Superior Court have arisen declaring what is a sufficient indication of intent by the promisor and promisee that a third party be a beneficiary in the contract in light of the more recent Supreme Court decision *Guy v. Liederbach,* 501 Pa. 47, 459 A.2d 744 (1983), which extended the *Spires* decision.[2] One view limits *Guy* to its facts, and holds that obligation to the third party must normally affirmatively appear in the contract itself for a third party to be an intended beneficiary. *Young v. Eastern Eng. & Elevator,* 381 Pa.Super. 428, 437–438, 554 A.2d 77, 81, *appeal den.* 524 Pa. 608, 569 A.2d 1367 (1989) and 524 Pa. 611, 569 A.2d 1369 (1989) (*Guy* is a narrow exception to the *Spires* requirement that third-party beneficiary affirmatively appear in contract); *Manor Junior College v. Kaller's Inc.,* 352 Pa.Super. 310, 313–314, 507 A.2d 1245, 1247 (1986) (*Guy* applies to a "narrow class" of cases). The other view maintains that *Guy* adopted the much broader *Restatement (Second) of Contracts* (1981) position as to what constitutes a third party beneficiary. *Fizz v. Kurtz, Dowd & Nuss,*

**2.** In *Guy,* the Supreme Court was presented with question of whether a named beneficiary of a will who is also named executrix has a cause of action against the attorney who drafted the will and directed her to witness the will, thus voiding her entire legacy and appointment as executrix. The Supreme Court noted that if it followed *Spires* rigidly, the will's beneficiary would lose her legacy, because the testator and the attorney did not have a written contract to write a will in which she was named as the intended will's intended beneficiary. The Court declared that in this situation it felt a "properly restricted cause of action ... in accord with the principles of Restatement (Second) of Contracts § 302 (1979) [was] available [ ]." *Guy, supra,* 501 Pa. at 51, 459 A.2d at 746.

*Inc.*, 360 Pa.Super. 151, 154, 519 A.2d 1037, 1039 (1987) (*Guy* adopted Restatement test for determining what constitutes a third-party beneficiary); *Gerace, supra*, 357 Pa.Super. at 472, 516 A.2d at 357 (*Guy* adopted Restatement test for determining what constitutes a third-party beneficiary).

We need not resolve the dispute here. Under either view, Linde's argument is not persuasive. The narrower view holds that unless the obligation to the third party affirmatively appears in the contract itself, the third party cannot be an intended beneficiary. Under the narrower view, Linde's argument fails because no obligation to Linde affirmatively appears in the HCA and WECO contract.

The broader view is that *Guy* instructs courts to interpret the *Spires* principle in light of the *Restatement (Second) of Contracts* (1981) pronouncement on Intended Beneficiaries. Section 302 of the *Restatement (Second) of Contracts* (1981) states:

Intended and incidental beneficiaries:

(1) unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either:

(a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or

(b) circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.

Under this view also, Linde's argument fails. To become an intended beneficiary, even assuming that a right to performance in Linde is appropriate to effect the parties' intention (Section 1), Linde must also fall into either subsection (a) or (b). Since this case is not about an existing debt owed by HCA to Linde when the contract was made, subsection (a) is not met. *Fizz, supra*, 360 Pa.Super. at 155, 519 A.2d at 1039. Moreover, subsection (b) is not met because circumstances do not show that HCA and WECO

intended to give Linde the benefit of the promised performance. To the contrary, WECO's performance was intended to be of sole pecuniary benefit to itself and HCA. *See, e.g., id.* WECO was contracted by HCA to ensure that dam "G" was built in as cost-effective manner as possible. WECO's incentive was to ensure that it drafted the dam specifications and supervised Linde's performance to keep the expenditure of public (HCA) funds to Linde at a minimum. Failure of WECO to perform could potentially lead to a civil suit against it by HCA. Moreover, a failure to fulfill its obligations to HCA would hurt WECO's business reputation. Simply put, WECO's incentive was to make sure the contractor who rebuilt dam "G" earned its money. The WECO–HCA contract expressed no intention to benefit Linde.

Linde also claims that WECO as an architect drawing up design specifications owes a duty under Pennsylvania law to the contractors who apply the specifications. Several states have allowed a contractor to sue an architect for economic damages suffered by the negligent drafting of design specifications despite the absence of privity. *See, e.g., Donnelly Constr. Co. v. Oberg/Hunt/Gilleland,* 139 Ariz. 184, 677 P.2d 1292 (1984); *Owen v. Dodd,* 431 F.Supp. 1239 (D.C.Miss.1977) (applying Mississippi law); *Shoffner Indus. v. W.B. Lloyd Const. Co.,* 42 N.C.App. 259, 257 S.E.2d 50 (1979). However, Pennsylvania is not one of them.[3] Moreover, there does not appear to be a clear-cut

---

**3.** Linde states that "it is the law in Pennsylvania that an engineer is liable for the defects, deficiencies or inadequacies of the plans and/or specifications which he drafts or finalizes." While this is true, and the case which appellant cites stands for that proposition, see *Follansbee Bros. Co. v. Garrett–Cromwell Engineering Co.,* 48 Pa.Super. 183 (1911), this liability is to the person with whom the person contracted to draw the plans or specifications. *See Id.* 48 Pa.Superior Ct. at 185. There is no dispute in this case that Linde can sue HCA in either contract or tort. Pennsylvania courts, however, have not yet addressed the question of whether an engineer or architect is liable for economic damages to a contractor hired by a third party. Although we have recently indicated that a contractor's employee could potentially directly sue *for personal injury* an engineer for negligent supervi-

majority position on the issue in other jurisdictions. *See Annot. Tort Liability of Project Architect for Economic Damages Suffered By Contractor*, 65 A.L.R.3d 249–265. We will continue the *status quo*, as Linde has not offered a compelling reason why we should deviate from the well-established requirement of privity to adopt a rule holding negligent architects directly liable for economic damages to contractors with whom they share no contractual relationship.

■ Normally, we would go on to address WECO's other arguments so as to give the lower court guidance upon remand. However, it is apparent that no remand is necessary. HCA argues that if this Court accepts WECO's post trial motion, HCA cannot be included in any new trial for the following two reasons. First, HCA contends the jury's finding that WECO was directly liable to Linde absolves HCA of defending against the portion of the negligence attributable to WECO. Second, since HCA has satisfied the judgment entered against it, all claims against it by Linde have been conclusively litigated. We need not address the former argument, because we find that the second argument has merit and protects HCA from further claims by Linde arising out of this lawsuit. We conclude that since all liability has been conclusively established against HCA, and given our holding that WECO cannot be found directly liable to Linde, there is no point in remanding the case for a new trial.

■ The record clearly denotes that on November 2, 1989, the Prothonotary of Luzerne County marked the judgment satisfied as to HCA, which was paid to Linde by HCA on October 16, 1989. The satisfaction of a judgment ordinarily extinguishes it, and implies or manifests an expression of finality as to all questions of liability and damages in the litigation. 20A Pennsylvania Law Encyclopedia § 471; *Neustein v. Ins. Placement Facility of Pa.*,

sion *in Young, supra*, we have also held in that case no direct action would lie for negligent drafting of specifications. *See id.*

271 Pa.Super. 126, 129, 412 A.2d 608, 609 (1979). As 42 Pa.C.S.A. § 8104(a) declares:

> **General rule.**—A judgment creditor has received satisfaction of any judgment in any tribunal of this Commonwealth shall, at the written request of the judgment debtor, or of anyone interested therein, and tender of the fee for entry of satisfaction, enter satisfaction in the office of the clerk of the court where such judgment is outstanding, which satisfaction shall forever discharge the judgment.

There appear to exist only two exceptions to the general rule that satisfaction by a judgment extinguishes it. "A court may properly strike the entry of satisfaction of judgment where the satisfaction is obtained by fraud or mistake." *Neustein, supra,* 271 Pa.Superior Ct. at 129, 412 A.2d at 609; *accord Winfree v. Philadelphia Elec. Co.,* 520 Pa. 392, 395, 554 A.2d 485, 486 (1989); *Epstein v. Kramer,* 365 Pa. 589, 591, 76 A.2d 212, 213 (1950); *Shoup v. Shoup,* 205 Pa. 22, 23, 54 A. 476, 476 (1903). The record is devoid of any suggestion that satisfaction was entered by fraud or mistake, and Linde has not argued it.[4] The exception, therefore, does not apply.

Linde argues in opposition that whereas HCA may have satisfied the portion of the judgment attributed directly by the jury to HCA ($22,691.55), HCA is still liable over to Linde for the sum assessed against WECO ($26,607.66). Linde notes that neither WECO nor HCA have satisfied this sum. Linde would have us disregard the erroneous jury instruction and look at the special verdict form used by the jury. Linde asserts that the special verdict form which was provided to the jury, while not directly indicating indemnification, was structured so that the jury could determine the full amount which Linde was to recover, and then allocate the respective portions of liability for which HCA and WECO were liable. Consequently, Linde would have us

---

4. It is pertinent to note that no case has ever held that a party's misapprehension as to the conclusive nature of a satisfaction of judgment can be grounds upon which the satisfaction can be vacated.

find HCA totally liable for the judgment, and presumably on remand HCA and WECO would dispute the indemnification issue.

We are not persuaded by these arguments. When HCA satisfied the judgment, it extinguished all questions of damages and liability against it. The jury found HCA liable for $22,691.55 in damages. If Linde wished to preserve its ability to pursue a claim against HCA for the $26,607.66 portion, it should have cross-appealed. Of course, a cross-appeal would have prevented Linde from satisfying the judgment against HCA for the $26,607.66 until the appeal was concluded. Linde made a choice to have immediate access to the judgment against HCA, thus forestalling its ability to later hold HCA liable for a greater sum. Linde would have us declare that the satisfaction of judgment does not totally protect HCA from a claim based on the questions in the litigation. We decline to adopt this position.[5]

Normally, a new trial would be in order because of the erroneous jury instruction which may have confused the jury as to the nature of WECO's liability. However, HCA has satisfied the judgment against it and therefore is no longer a party to Linde's action. Since we have held *supra* that only HCA could be directly liable to Linde, a remand would serve no purpose, as WECO cannot be held directly liable to Linde.

We reverse. Judgment against WECO is vacated.

Jurisdiction relinquished.

McEWEN, J., files a Concurring Statement.

5. Although we rest our holding on other grounds, we note that a special verdict form is not a jury instruction. A jury must follow the instructions given to it by the court and should not predicate its judgment on the format of the special verdict form. Moreover, we have examined the special verdict form, and do not believe it indicates that WECO and HCA are liable for any amount over and above what the jury declared them to be.

McEWEN, Judge, concurring.

I join in the fine expression of the majority, and write simply to note that, while it is always preferable to give effect to the intent of the jury as evidenced by its verdict, there is no doubt that this Court is compelled to the holding that the satisfaction of judgment, entered on the docket by counsel for the plaintiff/appellant, precludes any further action against Hazelton City Authority. *See Brandt v. Eagle,* 412 Pa.Super. 171, 178, 602 A.2d 1364, 1367 (1992).