INSURANCE COMPANY OF NORTH AMERICA, Plaintiff,

v.

TOWN OF MANCHESTER, et al., Defendants.

Civil Action No. 3–94–cv–1918 (JCH).

United States District Court, D. Connecticut.

June 16, 1998.

Louis R. Pepe, Pepe & Hazard, Hartford, CT, for Plaintiff.

John Stephen Papa, Howard, Kohn, Sprague & Fitzgerald, Hartford, CT, for Defendant Town of Manchester.

Vincent J. Dowling, Cooney, Scully & Dowling, Hartford, CT, for Defendant Fuss & O'Neill, Inc.

## MEMORANDUM OF DECISION ON DEFENDANT, FUSS & O'NEILL'S MOTION FOR SUMMARY JUDGMENT

HALL, District Judge.

### BACKGROUND

The defendant, Fuss & O'Neill, Inc., moved this court on December 18, 1996 for summary judgment, [Dkt. # 36], on the sixth count of the original complaint[1] on the ground that no cause of action in tort seeking "purely economic" losses exists in Connecticut against a design professional not in privity with the plaintiff. This Court concludes that it does.

This lawsuit arises out of a multi-million dollar construction project known as "Construction of Main Street, Manchester, Connecticut." After following the state competitive bidding process, the Town of Manchester (hereinafter referred to as the "Town")[2] entered into a contract with Della Construction Company (hereinafter referred to as "Della") for construction of the Project.[3] Prior to the execution of the general contract with Della, the Town had entered into two contracts with Fuss & O'Neill, an architectural and engineering firm, pursuant to which Fuss & O'Neill was to provide all the design and engineering services for the Project. In addition to these services, Fuss & O'Neill agreed to take responsibility for utility coordination, contract administration, bid analysis, project accounting, scheduling monitoring, costs control, change order processing, progress payment processing, progress meeting management, contract document interpretation, inspection, supervision, and inspection assistance, before, during and after the Project. Exhs. 1 & 2 to Plaintiff's Opposition to Defendant's Motion for Summary Judgment. Plaintiff claims, based on the contract and on deposition testimony, that Fuss & O'Neill had to know that Della's performance of its contract with the Town was dependent in large part upon Fuss & O'Neill's proper

---

1. Subsequent to the filing of the Motion for Summary Judgment by the defendant, Fuss & O'Neill, Inc., the plaintiff sought permission to amend its complaint. The court granted the plaintiff's Motion for Leave to Amend on October 28, 1997, and the Amended Complaint was filed the following day. What was the sixth count in the original complaint is now the "First Count" of the Amended Complaint. Because the First Count of the Amended Complaint is, for all practical purposes as it relates to the Motion for Summary Judgment, identical to the sixth count of the original complaint, the court will decide the Motion for Summary Judgment as if addressed to the First Count of the Amended Complaint.

2. Although the Town was originally named as a defendant, all claims against it were withdrawn in the plaintiff's Amended Complaint.

3. Pursuant to Connecticut General Statutes § 49–41, and at the request of Della, Insurance Company of North America (hereinafter referred to as "INA") served as the surety for the Project. It is alleged, and not denied by the defendant, that Della assigned to INA all of Della's rights, title and interest in this matter. Thus, the count in issue in this Motion for Summary Judgment involves the rights of Della as assigned to INA.

performance of its role in the Project. For example, the plaintiff cites to the inspection contract that provides that Fuss & O'Neill is to "cooperate fully" with those rendering construction services on the Project, clearly including Della. Exh. 2 to Plaintiff's Opposition at ¶ 13 (Inspection Contract).

Plaintiff claims that the Main Street Project became a "boulevard of broken promises" as a result of Fuss & O'Neill's negligent performance of its duties and its intentional misconduct. In particular, plaintiff contends that Della was harmed by the negligence of Fuss & O'Neill. "The dependance of Della's success and economic well being on Fuss & O'Neill's performance of these duties made foreseeable the harm Della would suffer as a result of Fuss & O'Neill's failure to exercise such care, skill and diligence and gave rise to a duty of care owed Della by Fuss & O'Neill." Amended Complaint at ¶ 15.

Apparently at the suggestion of the court (Arterton, J.), the defendants filed this Motion for Summary Judgment to address what was viewed as a purely legal issue: whether a cause of action sounding in tort and seeking purely economic losses against a design professional by a construction contractor, not in privity with the design professional, was recognized under the law of the State of Connecticut.

### STANDARD

A motion for summary judgment may be granted only when it is shown that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Federal Rules of Civil Procedure 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Donahue v. Windsor Locks Bd. of Fire Comm'rs.*, 834 F.2d 54, 57 (2d Cir.1987). The burden falls on the moving party to establish that no relevant facts are in dispute. *Id.*

### ANALYSIS

In the present matter, Fuss & O'Neill apparently claims that, although there are a myriad of disputed factual issues, summary judgment is proper because none of the disputed facts are material. *See Bellomo v. United Arab Shipping Co.*, 863 F.Supp. 107 (E.D.N.Y.1994) ("only disputes over facts that might affect the outcome of the suit under governing law will property preclude the entry of summary judgment.") Specifically, Fuss & O'Neill argues that, because all of Della's claims sound in tort, and because their damages are purely economic in nature, it is wholly without remedy. Fuss & O'Neill does not assert that the facts surrounding the parties' relationship, performance or duties are undisputed. *See* Defendant's Rule 9(c) Statement of Material Facts to which there is No Genuine Issue to be Tried. [Dkt. # 38] The only issue raised by Fuss & O'Neill is whether the "economic loss" rule bars INA's claims.

The parties agree that the Connecticut Appellate and Supreme Courts have never directly addressed the issue of whether a contractor can recover purely economic losses against a design professional in the absence of contractual privity and in the absence of personal injury or property damage to the contractor. Both parties cite to several Superior Court decisions on the issue, the results of which are acknowledged to be "mixed." *See Reiner & Reiner v. Connecticut Natural Gas Corp.*, Case No. CV 950551260, 1995 WL 780933 (Conn.Super., Dec.12, 1995)(claim for recovery of economic damages against CNG for negligently caused gas leak survived motion to strike); *DeVille-gas v. Quality Roofing, Inc.*, Case No. CV 920294190S, 1993 WL 515671 (Conn.Super., Nov.30, 1993)(motion to strike granted pursuant to "long established common law rule in this state ... that in the absence of privity of contract between the plaintiff and defendant, or of an injury to the plaintiff's person or property, a plaintiff may not recover in negligence for purely economic loss."); *City of Danbury v. Flaherty, Giavara Associates, Inc.*, 15 CLT 1 (Conn.Super.1988)(absence of privity of contract not a bar to negligence actions by construction professionals against one another when purely economic damages are sought). Construing the allegations of the Amended Complaint, and the facts alleged by plaintiff to be in dispute, *see* plaintiff's Statement of Material Facts as to Which There Exists a Genuine Issue to be Tried, [Dkt. # 45], in the light most favorable to the non-moving par-

ty, this court concludes that plaintiff, as a contractor, has successfully stated a cause of action under Connecticut law for purely economic losses against defendant, a design professional, despite the absence of contractual privity between the parties and/or personal injury or property damage to plaintiff.

In 1977, the Connecticut Supreme Court held for the first time that a subsequent purchaser of a home could recover in negligence against the contractor for the faulty installation of a septic system in the absence of privity. *Coburn v. Lenox Homes, Inc.,* 173 Conn. 567, 569, 378 A.2d 599 (1977). The court dealt first with the issue of the requirement of privity and held that that requirement was "irrelevant to tort actions." *Id.* at 574, 378 A.2d 599. On the issue of foreseeability of the harm to the plaintiff, the court held that a defectively constructed home was likely to result in damage to the owner, and that there was "no reason why the builder/vendor should not be liable for the effects of his negligence *if they were foreseeable.*" *Id.* at 575–576, 378 A.2d 599. Thus, the Supreme Court reversed the trial court's striking of the claim for negligence against the contractor.

The defendant attempts to distinguish *Coburn.* At oral argument, counsel for the defendant suggested that *Coburn* does not support the plaintiff's position here because

in *Coburn,* unlike the instant case, the plaintiff sought "property damages" arising from the defendant builder's negligence in constructing the septic system.[4] The *Coburn* court, although not expressly addressing this issue, clearly suggests that the distinction between property damage or personal injury, on one hand, and economic loss, on the other, would not be material to its holding. "It is clear that a defectively constructed house is likely to result in *damage to the owner ...*" *Id.* at 575, 378 A.2d 599 (emphasis added). Clearly, the damage at issue in the *Coburn* case was not solely personal injury to the plaintiff/owner—repair to the septic system was obviously necessary. The use by the court of the phrase "damage to the owner" suggests that the *Coburn* Court was not adopting the distinction between "economic loss" and non-economic loss.[5] To the contrary, the language of the *Coburn* case suggests that *any* reasonably foreseeable damage suffered by the owner, including nonproperty or non-personal damages such as, for example, the costs of habiting elsewhere while the defect in the home was repaired, would be recoverable by the plaintiff/owner.[6]

■ It has long been established in Connecticut that the concept of foreseeability is key to the determination of a cause of action in negligence. "The ultimate test of the existence of a duty to use care is found in the

4. There is no Connecticut case cited by either party in this case which expressly distinguishes between "economic damages" and damages to persons or property. *See City of Danbury, supra,* 15 CLT at 1.

5. A contrary conclusion would result had the *Coburn* Court referred to damage to the "owner's property," or to the "dwelling ."

6. The *Coburn* rule distinguishes the Connecticut Supreme Court from courts in other states that have refused, in cases involving construction contracts, to recognize a cause of action for negligence in the absence of contractual privity. *American Towers Owners Association, Inc. v. CCI Mechanical, Inc.,* 930 P.2d 1182 (Utah, 1996)(adopting economic loss doctrine in construction case); *Floor Craft Covering, Inc. v. Parma Community Gen. Hosp. Ass'n.,* 54 Ohio St.3d 1, 560 N.E.2d 206 (1990)(contractor may not sue architect in tort for purely economic loss resulting from architect's failure to perform); *Berschauer/Phillips Const. Co. v. Seattle Sch. Dist. No. 1,* 124 Wash.2d 816, 881 P.2d 986 (1994)(en banc)(rejecting negligence claim by contractor

against architect with whom it was not in privity, based on economic loss doctrine); *Border Brook Terrace Condominium Assoc. v. Gladstone,* 137 N.H. 11, 622 A.2d 1248 (1993)(architect has no tort liability to contractor for purely economic losses); *Fleischer v. Hellmuth, Obata & Kassabaum, Inc.,* 870 S.W.2d 832, 834 (Mo.App.1993); *Linde Enterprises, Inc. v. Hazelton City Auth.,* 412 Pa.Super. 67, 602 A.2d 897 (1992); *Bryant Electric Co., Inc. v. City of Fredericksburg,* 762 F.2d 1192 (4th Cir.1985)(no cause of action under Virginia law for contractor to recover economic losses against architect in the absence of privity); *Rissler & McMurry Co. v. Sheridan Area Water Supply Joint Powers Board,* 929 P.2d 1228 (Wyo.1996)(refusing to recognize negligent misrepresentation claim for purely economic damages in construction context); *Fireman's Fund Ins. Co. v. SEC Donohue, Inc.,* 176 Ill.2d 160, 223 Ill.Dec. 424, 679 N.E.2d 1197 (1997)(applying economic loss doctrine to bar recovery for engineer's alleged negligent misrepresentation in connection with construction project).

foreseeability that harm may result if it is not exercised." *Burns v. Board of Educ.*, 228 Conn. 640, 647, 638 A.2d 1 (1994)(internal citations omitted). "The test is, would the ordinary man in the defendant's position, knowing what he knew or should have known, anticipate that harm of the general nature of that suffered was likely to result?" *Neal v. Shiels, Inc.*, 166 Conn. 3, 12–13, 347 A.2d 102 (1974). In *Connecticut Mutual Life Ins. Co. v. New York and New Haven R.R. Co.*, 25 Conn. 265 (1856), the Supreme Court refused to recognize a cause of action by an insurance company against a railroad. The insurance company had paid a death benefit under a life insurance policy for the insured, who was killed in a railroad accident caused by the negligence of the railroad company. In rejecting plaintiff's claim, the Court stated, "so self evident is the principle that an injury thus suffered is indirectly brought home to the party seeking compensation for it, the courts have rarely been called upon to promulgate such a doctrine." *Id.* 25 Conn. at 275. The Court continued, however, to hypothesize about a different set of facts that might give rise to a cause of action between the parties in the case before it. "If the contract for the transportation of Dr. Beech safely, either in its terms, or through its necessary legal incidence, or by fair inference as to the intent of the parties, devolved upon the railroad company a duty towards the present plaintiffs, the latter might sue for a violation of that duty.... An independent right of action resides on the party to whom the duty was to be performed." *Id.* at 275.

The long-standing principle that the existence of a duty depends on the foreseeability of harm, expressed in *Connecticut Mutual*, has led, not surprisingly, to Connecticut court decisions holding professions liable to persons other than their clients. In *Rogovan v. Coopers & Lybrand*, 6 Conn. L. Rptr. 187 (Conn.Sup.1992), the Superior Court denied a motion to strike negligence claims brought against an accounting firm by investors. The investors had relied upon an audit to their detriment. No privity of contract was established, and only economic losses were incurred. In so ruling, the court relied upon *Twin Mfg. Co. v. Blum, Shapiro & Co.*, 42 Conn.Supp. 119, 602 A.2d 1079 (1991), which

adopted the test set forth in *Credit Alliance Corp. v. Arthur Andersen & Co.*, 65 N.Y.2d 536, 493 N.Y.S.2d 435, 483 N.E.2d 110 (1985)(accountants liable in negligence to non-contractual parties, who relied to their detriment on inaccurate or negligently prepared reports, when the accountants: (a) were aware that the financial reports were to be used for a particular purpose; (b) knew that an identified party would rely on them; and (c) engaged in some conduct linking them to the party, which evinced the accountants' understanding that the party would rely upon their performance).

Similarly, Connecticut courts recognize that an attorney performing certain functions may be liable to parties suffering only economic loss, even in the absence of contractual privity. *Mozzochi v. Beck*, 204 Conn. 490, 529 A.2d 171 (1987) ("courts generally now permit actions for professional malpractice without reference to privity, so long as the plaintiff is an intended or *foreseeable* beneficiary of the professional's undertaking") (emphasis added). Just like attorneys and accountants, design professionals are required to exercise the ordinary skill of their professions. *See Zapata v. Burns*, 207 Conn. 496, 517, 542 A.2d 700 (1988).

Two Connecticut Superior Court decisions have concluded that purely economic losses, if reasonably foreseeable, are recoverable against a party even in the absence of privity. In *City of Danbury*, 15 CLT 1 (Conn.Super.1988), the general contractor and subcontractor brought an action against the design professional for a construction project owned by the City of Danbury. The plaintiffs alleged that the negligence of the design professional in preparing the project specifications caused them to perform work outside the scope of their contract, to utilize different methods from those they had anticipated, and to encounter significant delays, all of which resulted in economic loss. *Id.* at 2. The design professionals moved to strike the negligence claims, arguing that "purely economic losses" cannot be recovered in Connecticut in the absence of privity. The *Danbury* Court, relying primarily on *Coburn*, found that the requirement of privity is not applicable to actions sounding in tort and

noted that the majority of jurisdictions have held that the absence of privity is no bar to recovery of economic losses by construction professionals against one another, when reliance by the plaintiff is reasonably foreseeable. *Id.* at 3, *citing* cases from Alabama, Mississippi, California, Arizona, Florida, Louisiana, New Jersey, and North Carolina. *See also Reiner & Reiner,* Case No. CV 95–0511260 (purely economic losses, if foreseeable, are recoverable in the absence of privity).[7]

The majority of jurisdictions that have addressed the issue have concluded that the absence of privity will not bar a negligence action by one construction professional against another for economic losses, where reliance by the plaintiff was reasonably foreseeable. *See, e.g., Bagwell Coatings, Inc. v. Middle South Energy, Inc.,* 797 F.2d 1298 (5th Cir.1986)(architect owes duty sounding in tort to contractor arising out of his contractual obligation to the owner if architect is aware contractor is relying upon his performance, and contractor suffers economic loss); *Caldwell v. Bechtel,* 631 F.2d 989, 1000 (D.C.Cir.1980) (consulting engineer stands in special relationship with other construction parties and has affirmative duty to warn); *Mayor and City Council of Columbus v. Clark–Dietz & Assocs.-Engineers, Inc.,* 550 F.Supp. 610, 623 (N.D.Miss.1982) (architect owes duty to those parties proximately suffering economic losses as result of architect's negligent design), *appeal denied,* 702 F.2d 67 (5th Cir.1983); *Owen v. Dodd,* 431 F.Supp. 1239 (N.D.Miss.1977) (owner's architect has duty to use reasonable care in preparation of plans and can be liable in tort to general contractor if erroneous plans cause economic loss in absence of privity); *Detweiler Bros., Inc. v. John Graham & Co.,* 412 F.Supp. 416

(E.D.Wash.1976) ("privity of contract is not a condition precedent to the maintenance of a tort suit by a contractor against an architect"); *United States v. Rogers & Rogers,* 161 F.Supp. 132, 135–36 (S.D.Cal.1958) (denying summary judgment and holding that general contractor could recover from architect for negligent supervision of project that resulted in economic loss). *See also E.C. Ernst, Inc. v. Manhattan Constr. Co.,* 551 F.2d 1026, 1031–32 (5th Cir.1977), *cert. denied,* 434 U.S. 1067, 98 S.Ct. 1246, 55 L.Ed.2d 769 (1978) (applying Alabama law); *Donnelly Constr. Co. v. Oberg/Hunt/Gilleland,* 139 Ariz. 184, 677 P.2d 1292, 1295–97 (1984); *A.R. Moyer, Inc. v. Graham,* 285 So.2d 397, 398–402 (Fla.1973); *W.H. Lyman Constr. Co. v. Village of Gurnee,* 84 Ill. App.3d 28, 38 Ill.Dec. 721, 403 N.E.2d 1325, 1333–34 (1980); *Normoyle–Berg & Assoc., Inc. v. Village of Deer Creek,* 39 Ill.App.3d 744, 350 N.E.2d 559, 561 (1976); *Gurtler, Hebert & Co. v. Weyland Mach. Shop, Inc.,* 405 So.2d 660, 662 (La.Ct.App.1981); *Conforti & Eisele, Inc. v. John C. Morris Assocs.,* 175 N.J.Super. 341, 418 A.2d 1290 (Law Div. 1980); *Shoffner Indus., Inc. v. W.B. Lloyd Constr. Co.,* 42 N.C.App. 259, 257 S.E.2d 50, 55–59, *cert. denied,* 298 N.C. 296, 259 S.E.2d 301 (1979); *Davidson & Jones, Inc. v. New Hanover County,* 41 N.C.App. 661, 255 S.E.2d 580 (1979).

The Sixth Count of the Amended Complaint in this action clearly alleges that the failure of Fuss & O'Neill to exercise its duties and responsibilities on the Project with "care, skill and diligence." Amended Complaint at ¶ 14. As alleged, and as put in issue by the plaintiff's Local Rule 9(c) response and supporting materials thereto, there are material issues of fact in dispute as to 1) whether Fuss & O'Neill did in fact fail

---

**7.** The only other Connecticut Superior Court case cited by either party to this motion is *DeVillegas v. Quality Roofing, Inc.,* Case No. CV 920294190S, 1993 WL 515671 (Conn.Super., Nov.30, 1993). In *DeVillegas,* the court held that a corrections officer could not bring an action in negligence against a roofing contractor working on the roof of a state prison who negligently caused a fire, which led to the loss of overtime pay during the period of time the facility was closed due to the fire. The court held that plaintiff did not sustain injury to person or property

and did not allege he was in privity with the defendant. *Id.* at 6.

The *DeVillegas* case is distinguishable from the other two Superior Court decisions as well as the many cases around the country holding that a cause of action for economic loss will lie against a construction professional in connection with a party to the construction project who is not privity with him. It was not "reasonably foreseeable" that negligence by the roofer in the *DeVillegas* case would cause the loss of overtime by persons working at the facility.

to perform its duties with care and diligence; and 2) the reasonably foreseeable consequences of the failure of Fuss & O'Neill to perform its duties on the Project with care and diligence. In light of general principles of duty and foreseeability in the absence of privity, as developed by the Connecticut state courts, and in light of the issues of fact raised by plaintiff's submission, it cannot be concluded as a matter of law that the Sixth Count of the Complaint fails to state a cause of action. Therefore, the Motion for Summary Judgment is **DENIED.**

**SO ORDERED.**